### PHILIP SCHMIDT *vs.* MARY QUINN.

Norfolk.   Nov. 14, 1883. — Feb. 29, 1884.   C. ALLEN & HOLMES, JJ., absent.

A right of way by necessity may be created, where the dominant estate is set off on execution from the servient estate, and no such right of way is described in the set-off, if there is no other practicable way, and the owner of the servient estate has not assigned or offered to assign any other way.

TORT for obstructing an alleged right of way over the land of the defendant.   Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

The defendant's lot of land bounded on Meadow Street in Needham, and the plaintiff's lot was directly in the rear of it, and did not bound on any street.   The two lots were at one time but one, and were owned by the defendant's husband, who is now dead.   In 1859, the rear lot was set off on execution against the husband to William Dewing, who, in 1866, conveyed it to the plaintiff.   Neither the set-off nor the deed contained any mention of a right of way in any direction.   Except on the side towards the defendant's lot, the plaintiff's lot is surrounded by lands of strangers, and has been so surrounded since the set-off on execution.   Dewing, ever since the set-off, owned a lot of land, acquired by a distinct title, lying at the side of the plaintiff's lot, and thirty feet distant from it.   This lot is now owned by the plaintiff.   It did not appear that any right of way was ever acquired from the plaintiff's lot to this lot, nor that any objection was ever made by the owner of the intervening land to the passage over it by Dewing or the plaintiff. The defendant's lot was formerly a wood lot, but since 1859 has

been improved. The plaintiff's lots and the other surrounding lots are wood lots.

There was evidence that for about forty years there had been an old wood road, with well-defined ruts extending from Meadow Street over the defendant's land, over the plaintiff's adjoining lot, and thence over lots of other persons, for about a mile and a half, through the woods to a town road; that wood had been hauled from the plaintiff's lot and the lots in the rear to Meadow Street; but there was no evidence that wood had been so hauled in the opposite direction, though it might be by taking down bars. The defendant obstructed the defined way in 1880.

The judge ruled that the evidence was insufficient to establish the plaintiff's claim to a right of way; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*D. G. Hill & C. A. Mackintosh*, for the plaintiff.

*J. E. Cotter & C. F. Jenney*, for the defendant.

FIELD, J. There was evidence for the jury that the plaintiff had, as appurtenant to his lot, a right of way by necessity over the defendant's lot. If the title to the plaintiff's lot had been acquired by grant from the owner of the two lots, this would be evident; for when land is conveyed which is inaccessible without trespass, except by passing over the land of the grantor, a right of way by necessity is presumed to be granted; otherwise, the grant would be practically useless. Indeed, it has been held that all that is required is that a way over the grantor's land be reasonably necessary for the enjoyment of the granted premises. *Gayetty* v. *Bethune*, 14 Mass. 49. *Nichols* v. *Luce*, 24 Pick. 102. *Viall* v. *Carpenter*, 14 Gray, 126. *Leonard* v. *Leonard*, 2 Allen, 543. *Pettingill* v. *Porter*, 8 Allen, 1. *Oliver* v. *Pitman*, 98 Mass. 46.

We see no reason why the rule of law should not be the same when the grant is involuntary, as by the levy of an execution, even although a right of way might have been expressly included in the levy, but was not. This has been held when a right of way by necessity is reserved to the debtor over a part of his land taken on execution. *Pernam* v. *Wead*, 2 Mass. 203. *Russell* v. *Jackson*, 2 Pick. 574. *Taylor* v. *Townsend*, 8 Mass. 411. *Brigham* v. *Smith*, 4 Gray, 297. A right of way

by necessity can only be presumed when the necessity existed at the time of the grant; and it continues only so long as the necessity continues, and it is only a right to a convenient way.

There was evidence for the jury that, at the time the plaintiff's lot was set off on execution, and ever since, there had been no way to it which the owner of that lot could lawfully use, except over the defendant's lot.

Whether this way has been so located and assigned that it cannot be changed except by consent of both parties, or whether the owner of the servient estate has still the right to assign some other practicable way than the one heretofore used, need not be decided. The obstruction complained of is to the way as it has been heretofore used; and it does not appear that there is any other practicable way, or that the defendant has assigned or offered to assign any other way. See *Smith* v. *Lee*, 14 Gray, 473; *Bass* v. *Edwards*, 126 Mass. 445.

*Exceptions sustained.*