MERRITT H. CHURCHILL *vs.* HERBERT R. HARRIS
& another.

Franklin.   September 22, 1926. — November 24, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Easement,* To spring.  *Way,* Private: of necessity.  *Equity Jurisdiction,* To enjoin infringement of easement.

The owner of land on which was a farm house, a bungalow designed as a summer dwelling, and a spring from which pipes ran to the cellar of the farm house, where a pipe had been connected with the pipe from the spring and laid to the bungalow, sold the farm house and the land in

which the spring was by a deed containing the following provision: "Reserving also to the grantor and his heirs and assigns one-half of the spring of water which now runs to the buildings on said premises." The grantee refused to allow the grantor to go upon the granted premises in any circumstances without paying $50. The grantor by a bill in equity sought to enjoin the grantee from preventing him from connecting a pipe in the grantee's cellar and from interfering with him in his use and enjoyment of his property in the spring, alleging in his bill the above facts and that "the right to connect the pipe in the cellar of the defendants as aforesaid is the natural, logical and lawful right appurtenant to the plaintiff's ownership in the one-half interest of the said spring." The defendant demurred to the bill. *Held*, that

(1) The quoted recital in the deed was a reservation;

(2) By such reservation the plaintiff and the defendant were owners in fee as tenants in common of so much of the land out of which the spring issued as was necessary for the reasonable use of the spring itself, as well as a right to one half of the water;

(3) The plaintiff was entitled to take water from the spring in any reasonable and convenient manner;

(4) The terms of the grant were to be construed in the light of the facts as they appeared in the record, including the manner in which the water had been carried to the plaintiff's bungalow before the execution of the deed and the purpose which the parties had in mind.

BILL IN EQUITY, filed in the Superior Court on July 28, 1925, and described in the opinion.

The defendants demurred for want of equity and on the ground that the plaintiff had a plain, adequate and complete remedy at law. The demurrer was heard by *Lummus*, J., and was sustained, and the bill was dismissed. The plaintiff appealed.

*H. Sherman*, for the plaintiff.

*W. A. Davenport*, (*C. Fairhurst* with him,) for the defendants.

CROSBY, J. This is a bill in equity brought to restrain the defendants from interfering with the plaintiff's alleged right to take water from a spring on the defendants' premises.

The bill alleges that the plaintiff on April 25, 1925, was the owner of a farm upon which was situated a farm house; that on that date he conveyed to the defendants by warranty deed a portion of the premises, including that part upon which the farm house was located; that the plaintiff has adjoining the land conveyed a tract known as the "Bungalow Lot" on which is situated a bungalow designed as a summer

dwelling; that upon the granted premises is a certain spring from which pipes ran to the cellar of the farm house; that at the time of the conveyance and for some time prior thereto a water pipe had been connected in the defendants' cellar with the pipe from the spring and laid to the bungalow, supplying the plaintiff there with water; that the deed to the defendants contained the following provision: "Reserving also to the grantor and his heirs and assigns one-half of the spring of water which now runs to the buildings on said premises." The bill further alleges that the defendants have refused to allow the plaintiff to connect the pipe running from the bungalow with the pipe in the defendants' cellar or to come upon their premises under any circumstances unless he pays them the sum of $50; that "by virtue of the reservation in his said deed of one half of the said spring of water [he] is entitled by necessity to a right to the reasonable use of said water; and that the right to connect the pipe in the cellar of the defendants as aforesaid is the natural, logical and lawful right appurtenant to the plaintiff's ownership in the one half interest of the said spring." The plaintiff prays for an injunction restraining the defendants from preventing him from connecting the pipes in the cellar of the defendants, from interfering with him in his use and enjoyment of his property in the spring, and for damages. The bill also contains a prayer for general relief. The case is before us on an appeal by the plaintiff from an interlocutory decree sustaining a demurrer to the bill.

The recital in the deed that the grantor reserves to himself and his heirs and assigns "one-half of the spring of water which now runs to the buildings on said premises" is a reservation. *Bean* v. *French*, 140 Mass. 229. The effect of the reservation is to create an easement in the spring appurtenant to the bungalow and the land upon which it is situated. *Goodrich* v. *Burbank*, 12 Allen, 459. *Willets* v. *Langhaar*, 212 Mass. 573. The reservation in the deed by the plaintiff to himself of one half of the spring results in the plaintiff and the defendants being the owners in fee as tenants in common of so much of the land out of which the spring issues as is necessary for the reasonable use of the

spring itself, as well as a right to one half of the water. *Owen* v. *Field,* 102 Mass. 90, 102. *Proprietors of Mills* v. *Braintree Water Supply Co.* 149 Mass. 478, 484. *Tinker* v. *Bessel,* 213 Mass. 74. *Mixer* v. *Reed,* 25 Vt. 254.

The defendants in their brief "presume that the plaintiff has an implied right to go to the spring and get water" but contend that the "plaintiff ought not to be permitted to impose any burden on the defendants' land not included in the reservation." Such a limitation of the plaintiff's right construes the language of the reservation too narrowly. The plaintiff is entitled to take water from the spring in any reasonable and convenient manner. The bill alleges and the demurrer admits that the defendants have refused to allow the plaintiff to come upon their premises under any circumstances without paying $50. The plaintiff under the deed is not only entitled to the use of the water but is part owner of the land from which the spring issues. As such owner he will be unable to exercise his right to the use of the water in any reasonable manner unless he is able to convey it from the land of the defendants. In these circumstances the plaintiff, in the absence of an express right of access, would have a right of way by necessity to enter upon such land in a reasonable manner to obtain the water, as he is unable to reach the spring in any other way. *Nichols* v. *Luce,* 24 Pick. 102, 104. *Davis* v. *Sikes,* 254 Mass. 540, 546, and cases cited. *Seymour* v. *Lewis,* 2 Beas. 439. ". . . the necessity thus required is not an absolute physical necessity, but merely such a reasonable necessity for the use and enjoyment of the dominant estate as has been found to exist here." *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 410. See *Orpin* v. *Morrison,* 230 Mass. 529, 533. The terms of the grant are to be construed in the light of the facts as they appear in the record, including the manner in which the water had been carried to the plaintiff's bungalow before the execution of the deed and the purpose which the parties had in mind. *Atkins* v. *Bordman,* 2 Met. 457, 464. *Barrett* v. *Duchaine,* 254 Mass. 37, and cases cited.

The grounds of demurrer, that the plaintiff's bill does not state a case which entitles him to relief in equity and

that he has an adequate remedy at law, cannot be sustained. The bill alleges facts which if proved entitle the plaintiff to relief.   It is obvious that the remedy given by an action at law would not be as practical and efficient to the ends of justice as the remedy in equity.

The interlocutory decree sustaining the demurrer to the bill must be reversed.

*Ordered accordingly.*