MT. HOLYOKE REALTY CORPORATION *vs.* HOLYOKE
REALTY CORPORATION & others.

Hampden.    September 22, 1932. — September 15, 1933.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Easement,* By implication.  *Deed,* Construction.  *Mortgage,* Of real estate.
*Equity Pleading and Practice,* Decree.

Where a common owner of two adjacent parcels of land makes an open
and continuous use of one for the benefit of the other and thereafter
there is a severance of title by an instrument silent as to any ease-
ment to exercise such use, an easement nevertheless is created by
implication if the parties at the time of the severance so intend and
such easement is reasonably necessary, even if it is not an absolute
physical necessity.

Two adjacent business blocks, one lying southerly of the other, were
owned by the same person.  For several years the only means of
access to rooms on the third floor of the southerly block was over
a stairway from the street in the northerly block and through en-
trances cut in the partition wall of the blocks on the third floor;
and there was open and continuous use of that means of access by
the occupants of such rooms.  Thereafter the owner simultaneously
gave a mortgage on each block to a bank, the mortgage on the
southerly block being somewhat larger in amount than that on the
northerly block.  There was no mention in either mortgage of any
right of way through the northerly block.  Subsequently a doorway
was cut through the partition on the second floor, and thereafter
tenants on that floor in the southerly block had access to their prem-
ises only by use of the stairway in the northerly block.  Later the
owner gave a deed of the northerly block and the bank foreclosed the
mortgage on the southerly block.  While it would have been possible
to furnish access to the third floor in the southerly block by the con-
struction therein of a stairway, the expense thereof would have been
unreasonable.  In a suit in equity by the grantee in the deed to the
northerly block against the purchaser at the foreclosure sale of the
southerly block to enjoin the defendant and his tenants from using the
stairway in the plaintiff's building, it was *held,* that

(1) The giving of the mortgages by the common owner of the two
blocks constituted a severance of the titles thereto, so that any ease-
ment by implication thereby created in favor of the southerly block
in the circumstances then existing would pass to the defendant with
the title thereto conveyed to him by the foreclosure deed in the same
manner as if the title originally conveyed by the mortgage had been
absolute;

(2) In the circumstances, the mere fact that the severance of title was made by the simultaneous conveyance of both blocks by the mortgage deeds did not prevent creation of such an implied easement;

(3) A finding of an intent, at the time of the severance, to burden the northerly in favor of the southerly block with respect to access to the third floor of the southerly block, was warranted;

(4) A finding, that an easement of travel through the northerly block to the third floor of the southerly block was reasonably necessary for the enjoyment of the estate granted by the mortgage of the southerly block, was warranted;

(5) The fact, that the grantee in each mortgage deed was the same did not create in it such a unity of the titles to the two blocks as would prevent the arising of such easement;

(6) A final decree merely adjudging that such an easement existed was proper: the rights of the parties having been established, there was nothing to indicate that either party required the protection of injunctive relief;

(7) It was proper to provide in the decree that the duration of the easement was limited to the joint existence of the two blocks: the easement was appurtenant to the southerly block with which it had been used, not to the defendant's estate as a whole;

(8) The decree properly provided that such easement was one to travel over the stairway and through the entrances in the partition wall on the third floor of the blocks, but not to and through the entrance on the second floor, because that means of access to the second floor of the southerly block did not exist at the time of severance of title.

BILL IN EQUITY, filed in the Superior Court on March 29, 1932, and described in the opinion.

The suit was heard by *Lummus*, J., upon an agreed statement of facts and other testimony, a stenographer having been appointed. Material facts and a final decree entered by order of the judge are described in the opinion. All parties appealed.

*B. F. Evarts*, for the plaintiff.

*R. L. Davenport & P. Jed*, for the defendants, submitted a brief.

DONAHUE, J. The plaintiff and the defendant Holyoke Realty Corporation, which will hereinafter be referred to as the defendant, own adjacent business blocks on High Street in Holyoke. Title to their respective properties was acquired by the plaintiff in 1929, and by the defendant in 1931. The first floor of each building is occupied for store

purposes and the second and third floors of the defendant's building are let to separate tenants who are joined as parties defendant. Since 1919, tenants occupying the third floor of the building now owned by the defendant have had access thereto only by means of a stairway located in the building now owned by the plaintiff and through doorways cut on the third floor in the partition wall between the two buildings. In 1926 a doorway was cut in the partition wall on the second floor and since that time tenants of the second floor of the building now owned by the defendant have had access to the premises leased to them only by the use of the stairway in the building now owned by the plaintiff.

The plaintiff seeks by its bill in equity to have the defendant and its tenants enjoined from using the stairway in the plaintiff's building. The case was heard upon an agreed statement of facts and upon oral evidence by a judge of the Superior Court who made findings of fact and rulings of law and entered a final decree declaring that upon the severance of title by a former owner of both properties "there was created by implication, as appurtenant to the land of the defendant . . . an easement of way 'upon and over the stairway in the southerly side of the property of the plaintiff and the entrance therefrom through the partition wall to the third floor but not to the second floor of the property of the defendant . . . to pass and repass from and to High Street, which easement is appurtenant to the said premises of said defendant" and further declared that "this easement will continue only during the joint life of the two blocks now standing upon the two parcels . . . ." Both parties appealed from the final decree.

The common owner of the two buildings in the year 1919 removed a stairway leading from the second floor to the third floor of the southerly building, which is now owned by the defendant, and constructed doorways on the third floor in the partition wall between the two buildings. Thereafterwards and down to the present time the only means of access available for use and used by occupants of the third floor of the southerly building was through

these doorways and over a stairway in the northerly building now owned by the plaintiff leading from the third to the street floor where there was an entrance from the street. Such was the only method of passage between the street and third floor of the southerly building when one Hertzmark purchased the two parcels in 1920, and when on April 27, 1922, he gave separate first mortgages on each parcel to the Peoples Savings Bank, on the northerly parcel for $48,000, on the southerly for $52,000. Hertzmark deeded the northerly parcel to one Bourque in 1925, subject to the $48,000 mortgage and took back a second mortgage which he foreclosed in 1928 and again took title. Later in the same year the mortgage to the Peoples Savings Bank on that parcel was discharged, a new mortgage to another bank given, and in 1929 that parcel was deeded by Hertzmark to the plaintiff. Title to the equity of redemption in the southerly parcel remained in Hertzmark subject to the $52,000 mortgage until the Peoples Savings Bank foreclosed that mortgage in 1931 and gave a foreclosure deed to the defendant. The record warrants the finding that, while it is possible to furnish a means of access to the third floor of the defendant's building by the construction therein of a stairway, the necessary cost and the resultant diminution in the value would be unreasonable and disproportionate to the value of that building.

The defendant derives title to the premises now owned by it through the foreclosure of the mortgage deed given by Hertzmark to the Peoples Savings Bank on April 27, 1922. It necessarily bases its contention of a right to an easement of passage through the plaintiff's building on the grant contained in that mortgage deed. The deed granted the premises by descriptive metes and bounds but made no mention of a right of passage through the building now owned by the plaintiff. In words it expresses no easement nor did the mortgage deed of the other parcel which was delivered at the same time recite that the premises by it granted were subject to an easement. Such circumstances may exist at the time there is a grant of land that the instrument of grant describing the premises but making no

reference at all to an easement nevertheless creates one.
When the owner of two adjacent parcels of land retains
ownership of one and conveys the other by an instrument
which is silent as to a right of easement over one of the
parcels for the benefit of the other, and such an easement
is later asserted in court based upon an open and continu-
ous use by the owner of one parcel for the benefit of the
other at and preceding the time of the grant, if there is
evidence tending to show an intent of the parties at the
time of the conveyance that such an easement be then
created, the question of the construction of the instrument
is presented. *Salisbury* v. *Andrews,* 19 Pick. 250, 253.
*Thayer* v. *Payne,* 2 Cush. 327, 330. *Orpin* v. *Morrison,*
230 Mass. 529, 532. The existence of such intention must
be determined from the terms of the instrument and from
the circumstances existing and known to the parties at the
time the instrument of conveyance was delivered, *Lipsky*
v. *Heller,* 199 Mass. 310, 317. *Prentiss* v. *Gloucester,* 236
Mass. 36, 52. *Wellwood* v. *Havrah Mishna Anshi Sphard
Cemetery Corp.* 254 Mass. 350, 354. *Churchill* v. *Harris,*
257 Mass. 499, 502. There are cases where a single cir-
cumstance may be so compelling as to require the finding
of an intent to create an easement. For example, if, after
a conveyance of some of his land, an owner is left with a
parcel entirely surrounded by the land conveyed, the sole
fact that he has no access to the land retained without
crossing the land conveyed may be sufficient basis for the
implication of an easement although the deed of convey-
ance contains a warranty against encumbrances. *Brigham*
v. *Smith,* 4 Gray, 297. The defendant here does not base
his claim of an easement upon the ground that there is no
possible means of access to the third floor of its building
except through the plaintiff's building. It contends that
the mortgage deed made a severance of the title, that
prior thereto the common owner of both parcels had made
an apparent and continuous use of one as if there had been
a servitude imposed upon it for the benefit of the other,
that such a servitude was reasonably necessary for the
benefit of the defendant's parcel, that under circumstances

existing when the mortgage deed was given, it should be found that the parties intended to create an easement and that by implication it should be held that an easement now exists.

When the two buildings were both owned in fee by Hertzmark and since 1919 while both were owned by his immediate predecessor in title, there was an open, obvious and continuous use of the doorways on the third floors in the partition wall between the two buildings, and of the stairway in the building now owned by the plaintiff leading from the third to the street floor by occupants of the third floor of the building now owned by the defendant. From 1919 until 1922 when the mortgage deed under which the defendant derives title was delivered there was a dedication by the common owners of the two parcels of an area for passage through one building for the use and benefit of the occupants of the third floor of the other building. So long as the two buildings had a common owner no actual legal right of easement existed. *Ansin* v. *Taylor,* 262 Mass. 159, 164. But if there had been a severance of title by an ordinary deed of the parcel now owned by the defendant and the retention of ownership of the other, under the circumstances here appearing an easement would have been created if the easement were reasonably necessary for the enjoyment of the granted premises providing that on a construction of the deed in the light of existing circumstances this was found to be the intention of the parties. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402. *Philbrick* v. *Ewing,* 97 Mass. 133. *Oliver* v. *Dickinson,* 100 Mass. 114. *Bond* v. *Orr,* 266 Mass. 475. The burden of proving the intent of the parties to create an easement which is unexpressed in terms in a deed is upon the party asserting it. *Raynes* v. *Stevens,* 219 Mass. 556, 558. When the evidence establishes the requisite intent it is now settled that the necessity of the easement for the enjoyment of the land conveyed is not an absolute physical necessity, but no more than a reasonable necessity. *Schmidt* v. *Quinn,* 136 Mass. 575, 576, and cases cited. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 410. *Bacon* v. *Onset Bay Grove Asso-*

*ciation,* 241 Mass. 417, 424.    *Davis* v. *Sikes,* 254 Mass. 540, 546.

These governing principles are not limited in their application to conveyances by ordinary, as distinguished from mortgage, deeds.   An easement by implication comes into being only in connection with a grant or transfer of title to an interest in land.   *Nichols* v. *Luce,* 24 Pick. 102.   But the creation of such an easement does not depend upon the use of a particular form of instrument.   An easement by implication may arise upon the giving of an ordinary deed, as a grant (*Bond* v. *Orr,* 266 Mass. 475) or as a reservation (*Les* v. *Alibozek,* 269 Mass. 153); upon the delivery of a lease (*Case* v. *Minot,* 158 Mass. 577); upon a division of lands in partition proceedings in the Probate Court (*Viall* v. *Carpenter,* 14 Gray, 126); upon a set-off on levy of an execution (*Schmidt* v. *Quinn,* 136 Mass. 575); or by a devise in a will (*Ansin* v. *Taylor,* 262 Mass. 159).   In this Commonwealth a mortgage of real estate conveys title in fee which title continues in the mortgagee until the stated condition subsequent is fulfilled.   *Depon* v. *Shawye,* 263 Mass. 206, 209.   After the giving of a mortgage deed the mortgagor cannot create any easement in the land conveyed and thus diminish the estate granted to the mortgagee (*Murphy* v. *Welch,* 128 Mass. 489) but at the time of a grant by mortgage deed an easement may by implication be created and the foreclosure of such a mortgage passes a right of easement so created to those deriving title to the premises through the foreclosure.   *Carbrey* v. *Willis,* 7 Allen, 364. *Born* v. *Turner,* [1900] 2 Ch. 211.   When a mortgage is foreclosed what was originally a defeasible estate becomes absolute and any easements or privileges which were annexed to the defeasible estate pass as if the original conveyance had been absolute.   *Ritger* v. *Parker,* 8 Cush. 145, 149.

On the same day separate mortgages of each parcel were given to the Peoples Savings Bank.   The mere fact that a severance of title is made by simultaneous instruments of grant does not prevent the implication of an easement.   *Randall* v. *McLaughlin,* 10 Allen, 366.   *Lefavour* v. *McNulty,* 158 Mass. 413.   That is a circumstance which with

others must be considered in passing upon the question of intent to create an easement. *Collier* v. *Pierce*, 7 Gray, 18. In some situations that might have a controlling effect on the decision but it does not in the circumstances here presented. In the case of simultaneous conveyances of two parcels by ordinary deeds the fact that the grantor would no longer have any interest or concern in the use which should be made of the properties, might, in existing circumstances, go far toward negativing an intent to create an easement which put a limitation on the right to use one parcel and increased the beneficial use of the other. These conveyances were by mortgage deeds; the titles conveyed were defeasible and so long as the mortgages were not foreclosed the right of occupation and use remained in the grantor as before. That situation, of course, was in the minds of the parties when they made their contracts. The mortgage deeds were given to secure separate and distinct obligations of the grantor. It must have been contemplated by them that one mortgage might be discharged or foreclosed and the other not, that the use of a way for passage over one parcel added to its value and diminished the value of the other and that the security for the larger loan was greater by reason of such privilege being annexed to the parcel deeded to secure it. The existence of the described method of access to the third floor of the building now owned by the defendant was at the time of the grant an obvious and unescapable fact when lender and borrower made their contracts of loan and mortgage. The finding of the intent to burden one parcel and to benefit the other and the finding that such an easement was reasonably necessary for the enjoyment of the estate granted were warranted. It is contended by the plaintiff that since the Peoples Savings Bank was the grantee named in each mortgage deed there was a unity of title and that therefore an easement of way could not exist over one parcel for the benefit of the other. There is not such a unity of title to two parcels of land as to prevent the creation or affect the existence of an easement unless one person holds a permanent, indefeasible title to both. *Hancock* v. *Carlton*, 6 Gray, 39, 50,

51.   Such a unity of title does not exist when two separate mortgages on two parcels are held by one person.   *Ritger* v. *Parker*, 8 Cush. 145, 147.

The final decree must be affirmed.   In form it is properly declaratory of the rights of the parties.   These being established there is nothing to indicate that either party requires the protection of injunctive relief (see *Greene* v. *Canny*, 137 Mass. 64, 70).   The decree rightly limits the duration of the easement to the joint existence of the two buildings.   The right is not one appurtenant to the defendant's estate as a whole but is limited to the building in connection with which it has been used, and there is nothing in the record on which to base a finding of an intent that the estate of the plaintiff is to be burdened after its building no longer stands.   *Cotting* v. *Boston*, 201 Mass. 97, 102. *Union National Bank of Lowell* v. *Nesmith*, 238 Mass. 247, 249.   *Ansin* v. *Taylor*, 262 Mass. 159, 164.

The appeal of the defendant is based on the contention that there also exists for the benefit of his building an easement of passage over the stairway in the plaintiff's building and through a doorway cut in the partition wall between the buildings on the second floor.   No such use of the plaintiff's building was made until four years after the grant by deed of mortgage under which the defendant derives title. That grant is the source of any rights which the defendant has.   Where as here there is no actual physical necessity for an easement, it is a requisite element in the creation of an easement by implication upon severance of title that there then be an open and continuous use of one parcel for the benefit of the other.   *Gorton-Pew Fisheries Co.* v. *Tolman*, 210 Mass. 402, 412.   *Philbrick* v. *Ewing*, 97 Mass. 133, 135.   There was at the time of the severance of title and the grant no existing means of access between the second floors of the two buildings.   No such easement was then created and therefore none now exists.

*Decree affirmed with costs.*