Rescript Opinions.

JOHN T. RANSOME'S CASE. January 18, 1978. The insurer's appeal is dismissed on the authority of and for the reasons stated in *Assuncao's Case,* 372 Mass. 6, 8-11 (1977).

*So ordered.*

*George M. Herlihy* (*Arthur B. McCue* with him) for the insurer.
*Joseph E. McGuire* for the employee.

EDWARD J. KILLIAN & others *v.* TOWN OF BRIMFIELD & others. January 19, 1978. This is an appeal from the dismissal of an action seeking to enjoin the town from maintaining a mill pond, the water of which affects nearby landowners. 1. We agree with the judge that, on the master's report, the action must be dismissed. The master's finding that the scope of the highway easement acquired by the town included "[t]he right and duty to maintain the dam and all parts of it" necessarily imported a right to retain the water behind the dam in order to protect that easement. The master concluded that the easement taken by the town in 1867 included the right and duty to maintain the dam, to operate the sluiceway in the dam, and to regulate the height of the flashboards therein. The master went on to conclude that "otherwise the Town acquired no prescriptive rights in the pond." The judge overruled the objections to the master's report and (according to the docket) "confirm[ed]" the report. (As the appendix does not show otherwise, we assume that the report was adopted as provided in Mass.R. Civ.P. 53[e] [2], 365 Mass. 820 [1974]). The judge, in acting on the master's report, determined that the master had found that the right to maintain the pond was based on the easement taken in 1867 and not on prescriptive rights. From what appears in this record an easement to maintain the pond is implicit in the right to maintain the dam, sluice and flashboards. See *Mount Holyoke Realty Corp. v. Holyoke Realty Corp.,* 284 Mass. 100, 105-106 (1933), and cases cited. See also Swaim, Crocker's Notes on Common Forms § 236 (7th ed. 1955). However, it is not clear from the appendix that such an easement could have been properly implied in all of the land affected by the existence of the pond created by the dam. In the circumstances, we may draw conclusions other than those drawn by the master based on the subsidiary findings in the master's report. See *Corrigan v. O'Brien,* 353 Mass. 341, 346 (1967). These finding clearly show the existence of all of the elements necessary to establish that the town had acquired an easement by prescription to maintain water in and on the fifty-four acres of land covered by the pond and in the adjacent marsh areas created by the pond. *Davenport v. Danvers,* 336 Mass. 106, 110-112 (1957). For the foregoing reasons the judge did not err in entering judgment dismissing the complaint. 2. Given the view of this case expressed above we need not reach the question of the applicability of the wetlands protection act (G. L. c. 131, § 40) or the mill acts (G. L. c. 253, §§ 1-2, 4, 8-15, 19-20).

*Judgment affirmed.*

*George B. Adams* for the plaintiffs.
*Michael J. Morrill,* Town Counsel, for the town of Brimfield & others.