LAVOIE, JR. vs. MCRAE, MISC 20-000183

































 
 JOSEPH O. LAVOIE, JR., and MARILYN L. PETROWSKI Plaintiffs, v. JOHN A. McRAE, Defendant
 MISC 20-000183 
 SEPTEMBER 2, 2021
MIDDLESEX, ss.
SPEICHER, J.
DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT














 The present action is a dispute about parking access between owners of two adjacent properties in Somerville. Plaintiffs Joseph O. Lavoie, Jr. and Marilyn L. Petrowski are owners of property at 42 Allen Street in Somerville. John A. McRae is the owner of the adjacent property at 36 Allen Street. The front yards and the area between the buildings on the two properties are entirely paved, and utilized, in part, for parking as well as for what is referred to by the parties as the shared driveway. McRae's property at 36 Allen Street is improved with a curb cutm which provides a means of access to the public way, Allen Street, from the paved area of 36 Allen Street, and connects to the driveway that is entirely located on 36 Allen Street property. Lavoie and Petrowski claim the right to use this curb cut and driveway for access to the adjacent paved area on their property next door at 42 Allen Street. The Lavoie and Petrowski property at 42 Allen Street is improved with a two-family dwelling but does not have a separate curb cut or driveway despite its adequate frontage on Allen Street. A small section of the driveway and the curb cut located on the McRae property are the focus of the present dispute. 





 Lavoie and Petrowski asserted a claim for declaratory judgment that their property is benefitted by an easement by implication to access the parking area on their property by utilizing the driveway and curb cut on 36 Allen Street; they also bring associated trespass and nuisance claims arising out of McRae's efforts to prohibit such entry onto his record property. McRae moved for motion for summary judgment seeking a determination that there is no easement by implication because there is no evidence in the record of an intent of the last common owner of the properties to grant such an easement. Lavoie and Petrowski cross-moved for summary judgment on their claims. A hearing was held on plaintiffs' and defendant's cross-motions for summary judgment before me on May 11, 2021, at the conclusion of which I took the cross motions under advisement. 





 For the reasons set forth below, the defendant's motion for summary judgment on the plaintiffs' claims for recognition of an easement by implication will be ALLOWED; the plaintiffs' cross-motion for summary judgment will be DENIED; and the plaintiffs' remaining trespass and nuisance claims will be DISMISSED. 





FACTS 





 The following material facts are found in the record, and are undisputed for the purposes of the pending motions for summary judgment: 





1. On October 2, 1956, Daniel P. Lynch and Evelyn Lynch (the "Lynches") acquired adjacent properties at 36 Allen Street in Somerville, also known as Lot 38, and 42 Allen Street, also known as Lot 39, pursuant to a single quitclaim deed from Francis G, Ingraham and Julia B. Ingraham recorded on the same date at the Middlesex County South District Registry of Deeds (the "Registry") in Book 8825, Page 553. [Note 1] 





2. When the Lynches acquired the properties, Lot 39 was improved with a two-story, two-family dwelling. Lot 38, which was improved by an existing masonry garage, was converted into a one-story, single-unit apartment by the Lynches in the late 1960s, which by all accounts was occupied continuously by the Enos family, as tenants of the Lynches. [Note 2] It is undisputed that at all times, the only curb cut on the two lots was located on what is now 36 Allen Street. [Note 3] 





3. On October 22, 1974, Daniel and Evelyn Lynch deeded to themselves a life estate in 42 Allen Street and 36 Allen Street, with the remainder to their daughter, Ellen Enos. [Note 4] Enos became the owner outright following the passing of both Evelyn Lynch in 1992 and Daniel Lynch in 1996. [Note 5] 





4. Prior to August 2001, Lot 38 (36 Allen Street) and Lot 39 (42 Allen Street) functioned as a single merged lot with the address 42 Allen Street. In June, 2001, Ellen Enos and Arthur Enos sought a special permit from the City of Somerville to legalize the converted masonry garage, which had been utilized, without the benefit of any permits, as a single-family dwelling since the late 1960s. The Somerville Planning Board issued a decision dated July 20, 2001 in which the Board approved the special permit to legalize the converted garage (recognized as a secondary principal dwelling), and further advised the Enoses that site plan approval was not required for the subdivision of the lot on which the converted garage was located. [Note 6] 





5. On June 19, 2004, Ellen Enos, as donor, transferred 42 Allen Street and 36 Allen Street (still retained as merged lots) to Laurie Pandolfo, as Trustee of the Enos Realty Trust, by a quitclaim deed recorded with the Registry on September 17, 2004 at Book 43736, Page 389. [Note 7] 





6. On September 28, 2006, Marco Del-Pinal acquired both 36 Allen Street and 42 Allen Street from Pandolfo, as Trustee, by way of two quitclaim deeds recorded with the Registry simultaneously on October 8, 2006 in Book 48287, Pages 317 and 410. [Note 8] Neither deed includes any reservation or grant of an easement of any kind (nor would it have been appropriate for them to do so, as the two lots remained in single ownership). 





7. On October 27, 2006, Del-Pinal obtained a mortgage loan in the amount of $280,000 from Wells Fargo Bank, N.A. ("Wells Fargo"), secured by a mortgage on 36 Allen Street. The mortgage was recorded with the Registry on November 8, 2006 in Book 48468, Page 391. [Note 9] 





8. On December 28, 2006, Del-Pinal obtained a mortgage loan in the amount of $320,000 from ACT Lending Corporation d/b/a ACT Mortgage Capital ("ACT Lending"), secured by a mortgage on 42 Allen Street. The mortgage was recorded with the Registry on January 3, 2007 in Book 48788, Page 506. [Note 10] Like the mortgage for 36 Allen Street, the mortgage does not include or refer to any reserved or granted right with respect to the driveway, curb cut, or any other specific and identified easement. 





9. Following this acquisition of the two lots, Del-Pinal initiated plans to redevelop the lots, as evidenced by a special permit application submitted in 2007 for the proposed renovation of the two-family dwelling on 42 Allen Street. Those plans however, did not come to fruition and the special permit was never issued. Rather, in reviewing the application, the Somerville Planning Department concluded that it was unable to recommend approval of the special permit, and instead suggested conditions or measures Del-Pinal could take for possible approval of the special permit. Of note, one such condition was as follows: "[a]n easement (between 8-12 feet wide) must be recorded for the use of the shared driveway" and "[t]he paved area south of this designated driveaway must be replaced by landscaping." [Note 11] 





10. There is nothing in the record to suggest that Del-Pinal occupied or rented out either of the two units at 42 Allen Street or the single-family dwelling at 36 Allen Street during his brief period of ownership while he attempted to redevelop the properties. 





11. On October 24, 2007, GMAC Mortgage, LLC, assignee of ACT Lending and its nominee MERS, foreclosed on its mortgage on the 42 Allen Street property. [Note 12] Shortly thereafter, Wells Fargo followed suit, foreclosing on the 36 Allen Street mortgage by a foreclosure deed recorded on March 13, 2008. [Note 13]





12. Following the foreclosure on 36 Allen Street, the property was sold to John A. McRae, the defendant in this action, on March 31, 2008. [Note 14] 





13. The property at 42 Allen Street was sold to Marc Resnick on August 5, 2008 by a successor of GMAC Mortgage Corp. [Note 15] 





14. Marc Resnick converted 42 Allen Street into a two-unit condominium pursuant to G. L. c. 183A by recording a master deed in 2012. [Note 16] 





15. On March 30, 2015, Marc Resnick sold Unit 1 at 42 Allen Street to Joseph O. Lavoie, Jr., one of the two plaintiffs in this action. [Note 17] After an intervening sale of Unit 2 by Marc Resnick to Joshua Kellerman and Katherine Klipstein, the plaintiffs Joseph O. Lavoie, Jr. and Marilyn L. Petrowski purchased Unit 2 at 42 Allen Street on December 2, 2019. [Note 18], [Note 19] 





16. By a decision dated May 20, 2009, and filed with the city clerk on June 1, 2009, the Somerville Zoning Board of Appeals issued a special permit authorizing an addition to the existing, lawfully nonconforming two-family dwelling at 42 Allen Street, and specifically allowing the proposed addition without requiring that any off-street parking be provided for the lawful occupation of the property as a two-family dwelling. [Note 20]





STANDARD OF REVIEW 





 "Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law." Ng Bros. Constr. v. Cranney, 436 Mass. 638 , 643-44 (2002); Mass. R. Civ. P. 56(c). "The moving party bears the burden of affirmatively showing that there is no triable issue of fact." Ng Bros. Constr. v. Cranney, supra, 436 Mass. at 644. In determining whether genuine issues of fact exist, the court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. See Attorney Gen. v. Bailey, 386 Mass. 367 , 371, cert. denied, 459 U.S. 970 (1982). Whether a fact is material or not is determined by the substantive law, and "an adverse party may not manufacture disputes by conclusory factual assertions." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ng Bros. Constr. v. Cranney, supra, 436 Mass. at 648. When appropriate, summary judgment may be entered against the moving party and may be limited to certain issues. Community Nat'l Bank v. Dawes, 369 Mass. 550 , 553 (1976); Mass. R. Civ. P. 56(c). 





DISCUSSION 





 "An implied easement arises when no easement appears in the record of a conveyance, but 'there is evidence tending to show an intent of the parties'" to create such an easement. Alexander v. Juchno, 21 LCR 621 , 632 (2013) (Foster, J.), quoting Mt. Holyoke Realty Corp. v. Holyoke Realty Corp., 284 Mass. 100 , 104 (1933). "An implied easement is founded on the idea that it is the purpose of the parties that the conveyance shall be beneficial to the grantee,'" even if it had not been expressed in the instrument of conveyance. Ward v. McGlory, 358 Mass. 322 , 325, (1970), quoting Orpin v. Morrison, 230 Mass. 529 , 533 (1918). Implied easements "must be found in a presumed intent of the parties, to be gathered from the language of the instruments when read in the light of circumstances attending their execution, the physical condition of the premises, and the knowledge which the parties had or with which they are chargeable." Dale v. Bedal, 305 Mass. 102 , 103 (1940); see also, Labounty v. Vickers, 352 Mass. 337 , 344 (1967). The actual subjective intent of the grantor to grant an easement is not required; the presumed objective intent of the grantor to grant an easement, based upon the circumstances of the conveyance, is required for the court to find an easement by implication. Flax v. Smith, 20 Mass. App. Ct. 149 , 153 (1985). "The burden of proving the existence of an implied easement is on the party asserting it." Reagan v. Brissey, 446 Mass. 452 , 458 (2006). 





 In order to establish an implied easement by prior use, a claimant must demonstrate, in addition to indicia of intent, that, "during the common ownership of a parcel of land an apparent and obvious use of one part of the parcel is made for the benefit of another part and such use is being actually made up to the time of severance and is reasonably necessary for the enjoyment of the other part of the parcel, then upon severance of the ownership a grant to continue such use may arise by implication." Bedford v. Cerasuolo, 62 Mass. App. Ct. 73 , 78 n. 6 (2004) citing, Sorel v. Boisjolie, 330 Mass. 513 , 516 (1953). 





I. There is No Evidence in the Record of the Last Common Owner's Intent to Grant an Implied Easement. 





 Plaintiffs have offered no evidence from which a trier of fact could infer that it was the intent of the last common owner of the two properties, Del-Pinal, to grant an implied easement to enter onto or otherwise utilize the curb cut and driveway on the 36 Allen Street lot. Complete common ownership of the two properties was severed either by the conveyance of mortgages to two separate lending institutions, or certainly no later than upon the first foreclosure of one of the two properties, and upon neither of those occasions was there any demonstration of an objective intent to grant or reserve an easement for the benefit of 42 Allen Street, nor is there any evidence in the record that at any time during Del-Pinal's ownership the curb cut and driveway at 36 Allen Street were being used to provide access to off-street parking at 42 Allen Street. 





 Plaintiffs assert that the historical use of the curb cut on 36 Allen for the benefit of 42 Allen demonstrates the objective intent of Del-Pinal to impliedly convey an easement at the time of the mortgage conveyance. To that end, plaintiffs point to the improvements on 42 Allen Street (a duplex) with only one curb cut servicing both properties. From these facts and assumptions, plaintiffs conclude the existence and use of the curb cut at issue for the benefit of 42 Allen Street was apparent and continuous at the time Del-Pinal conveyed separate mortgages to ACT Lending and Wells Fargo. 





 While plaintiffs assert that the use of the driveway and curb cut was continuous and apparent, this conclusion requires the court to infer, without any evidence in the record, that there were occupants of 42 Allen Street who were actively utilizing the driveway and curb cut on 36 Allen Street during Del-Pinal's ownership and at the time of the conveyance by Del-Pinal of mortgages to two separate lending institutions, or at the time of the foreclosures. However, there is nothing in the record, let alone undisputed evidence, from which the court can conclude that it was Del-Pinal's intent to convey, along with the two mortgages, an easement for entry onto 42 Allen Street over the curb cut and driveway on 36 Allen Street. The plaintiffs offer no evidence that the duplex on 42 Allen Street was occupied or otherwise utilized during Del-Pinal's ownership of the properties or that the curb cut and driveway were used as they allege in late 2006 when Del-Pinal conveyed mortgage deeds to the two separate lending institutions. There is similarly no evidence in the record of such use at the time of the two foreclosures. "While the parties' conduct in the immediate after-math of the conveyance can be probative of their intent," in this case, there is no evidence concerning the use of 36 Allen Street for access to 42 Allen Street in the months immediately prior to and following the mortgage of 36 Allen Street to Wells Fargo or 42 Allen Street to ACT Lending, or the foreclosure of either mortgage. Reagan v. Brissey, 446 Mass. 452 , 461 (2006); Bacon v. Onset Bay Grove Ass'n, 241 Mass. 417 , 423-424 (1922). 





 Even if Del-Pinal used, or had tenants who used, the curb cut to access 42 Allen Street, (and there is no evidence in the record of such use) there is nothing in the record to suggest that he intended to convey such a right to ACT Lending along with the mortgage; rather, the mortgage is devoid of any such language and the plaintiffs offered no evidence of any other related documents that might have conveyed such rights along with the mortgage, such as a conditional assignment of leases and rents from the mortgage closing that might have been expected to convey such rights to Del-Pinal's lender. 





II. The Claimed Implied Easement Is Not Reasonably Necessary for the Use of the Plaintiffs' Property Because It Has Direct and Ample Frontage on the Public Way.





 Even if the plaintiffs had been able to show that the curb cut and driveway on 36 Allen Street were used to access 42 Allen Street at the time of the conveyance of the mortgages, they would have been unable to demonstrate any reasonable necessity to grant an implied easement for the benefit of 42 Allen Street, because the property is accessible via its own frontage on a public way. 





 Reasonable necessity is an important element to consider in determining if it was the presumed intent of the parties to a deed to create an easement. Mt. Holyoke Realty Corp. v. Holyoke Realty Corp., 284 Mass. 100 , 105 (1932). Lavoie and Petrowski argue that the curb cut and driveway on the McRae property at 36 Allen Street provide a requisite and necessary means of access to the public way, Allen Street. However, this argument blatantly ignores the fact that plaintiffs' property has its own legal frontage along Allen Street and accordingly, it is equipped with legal and physical access entirely independent of 36 Allen Street. [Note 21] Absent an extraordinary physical impediment, which Lavoie and Petrowski have not offered any evidence of here, a lot with legal frontage on a public way may not be treated as if it was landlocked. See Corcoran v. Planning Bd. of Sudbury, 406 Mass. 248 (1989) (lot with frontage on a public way entitled to approval pursuant to G. L. c. 41, § 81P notwithstanding obstruction from wetlands on property). 





 The property at 42 Allen Street is improved by and lawfully occupied as a two-family dwelling. It was already a lawfully nonconforming two-family dwelling in 2009 when its then-owner, Marc Resnick, applied successfully to the Somerville Zoning Board of Appeals (the "Board") for a special permit to construct a two-story addition to the existing structure. The Board, in granting the special permit, discussed the parking situation, and specifically noted that because the property was a lawfully nonconforming building, off-street parking was not required. The Board further noted that the curb cut and driveway at 36 Allen Street were not legally available for access to 42 Allen Street, as the owner of 36 Allen Street was not amenable to providing an easement and as the two abutting landowners had been unable to agree on the terms of an easement. The Board went on to approve the proposed addition to the building at 42 Allen Street without requiring that any off-street parking be provided on the property as a condition of its approval, further noting in its decision that the property is benefitted by "easy walking distance" to public transportation in Union Square and close proximity to a soon-to-be constructed (and now imminent) station for the Green Line extension. [Note 22] Accordingly, 42 Allen Street can be and is lawfully occupied as a two-family dwelling without the inclusion of any off-street parking spaces. 





 Given the fact that the property can be lawfully occupied as a two-family dwelling without off-street parking spaces, and that the property is otherwise safely accessible from the street over its frontage, demonstration of an inability to access the property by vehicle for parking purposes is not a cognizable necessity that can justify the imposition of an implied easement. Furthermore, the plaintiffs made no showing that the property in fact could not be accessed by vehicles for parking purposes across its own frontage. The only evidence offered by the plaintiffs, and which the court does not find probative, is the Board's finding in its 2009 decision approving the special permit, that requiring the owner of 42 Allen Street to install his own curb cut in order to provide off-street parking would be "prohibitively expensive for the applicant." [Note 23] This was apparently due to the need to relocate a storm drain in order to install a curb cut. 





 The fact that putting in a curb cut for direct access to provide off-street parking would be expensive does not mean it could not be accomplished, That an improvement might be expensive or difficult does not equate to impossibility, nor does it amount to a reasonable necessity for access to the land of an abutter. Without more, plaintiffs have not shown the requisite necessity. See Oldfield v. Smith, 304 Mass. 590 , 594 (1939) (holding easement not necessary where water pipes could be conveniently laid at plaintiff's expense in another area). "Mere convenience and usefulness are not sufficient to establish a way of necessity." Oliver v. Pitman, 98 Mass. 46 , 50 (1867) (easement not reasonably necessary where plaintiff's lot provided direct access to a public way); Harvey Corp. v. Bloomfield, 320 Mass. 326 , 329-330 (1946) (implied right of way not created where alternative access route was available). In the absence, as here, of a showing of a right to use land, no landowner is entitled to appropriate the land of his neighbor just because it is useful or even necessary to the operation of his own land. See Goulding v. Cook, 422 Mass. 276 , 278 (1996) (landowner needing access to neighbor's land for septic system not entitled to impose easement for that purpose: "self-help with financial adjustments thereafter" is impermissible). 





 The conduct of subsequent owners of the two properties well after the conveyance by Del-Pinal of the two mortgage deeds and the foreclosure of the two mortgages casts no light on the intent of the parties at the time of the conveyance of the mortgages. However, even those subsequent interactions cut against the suggestion that anyone was operating under the impression that there was any right to access the Lavoie and Petrowski property by passing over 36 Allen Street. The interactions and conduct of McRae, Resnick, and Lavoie and Petrowski, including the payment of rent by Lavoie and Petrowski to McRae for the access for which they now claim an easement, cut against the proposition that use of the driveway and curb cut was based upon an express or implied right. 





CONCLUSION 





 For the reasons stated above, the defendant's motion for summary judgment is ALLOWED, and the plaintiffs' cross-motion for summary judgment is DENIED. As the court has found that the plaintiffs do not have any easement rights over the defendant's property, their counts making claims of trespass and nuisance based on alleged interference with those rights will be dismissed. 





 Judgment will enter in accordance with this Decision. 





FOOTNOTES
[Note 1] Record Appendix, Exhibit ("Exh.") 6, Deed from Ingraham to Lynch, identifying Lots 38 and 39 on the Plan of Lots in Somerville, surveyed by G.A. Parker, dated May 2, 1844, recorded in Book of Plans 1, Plan 22. The aforementioned "Plan of Lots in Somerville" was not included in the record before the Court. 

[Note 2] Exh. 17, Letter dated July 20, 2001 issued by the City of Somerville Planning Board re 36 Allen Street; Exh. 16, Enos Application re 36 Allen Street. 

[Note 3] Exh. 21, Somerville Zoning Board of Appeals Decision dated June 1, 2009, recorded with the Registry on September 22, 2009 in Book 535566, Page 313. 

[Note 4] Exh. 7, Life Estate Deed of Daniel Lynch and Evelyn Lynch to Ellen Enos recorded with the Registry on November 10, 1992 in Book 22589, Page 215. 

[Note 5] Exhs. 8, 9, Death Certificates of Evelyn Lynch and Daniel Lynch, respectively. 

[Note 6] Exh. 17, Planning Board Letter dated July 20, 2001 re: special permit application. 

[Note 7] Exh. 10, Deed from Ellen Enos to Laurie Pandolfo as Trustee for 42 Allen Street. 

[Note 8] Exh. 11, Deeds from Laurie Pandolfo to Marco Del-Pinal for 42 Allen Street and for 36 Allen Street, respectively. 

[Note 9] Exh. 12, October 27, 2006 mortgage to Wells Fargo secured by 36 Allen Street. 

[Note 10] Exh. 13, December 28, 2006 mortgage to ACT Lending secured by 42 Allen Street. 

[Note 11] Exh. 19, Draft letter by the Somerville Planning Department regarding special permit application for 42 Allen Street. 

[Note 12] Foreclosure Deed dated October 24, 2007, recorded with the Registry on February 1, 2008 in Book 50667, Page 91. 

[Note 13] Exh. 15, Foreclosure Deed dated March 13, 2008, recorded with the Registry on March 19, 2008 in Book 50903, Page 87. 

[Note 14] Exh. 3, Deed from Wells Fargo to John A. McRae, dated March 31, 2008, recorded with the Registry on April 8, 2008 in Book 51009, Page 14. 

[Note 15] Deed from Saxon Mortgage Services, Inc. to Marc Resnick, dated August 5, 2008, recorded with the Registry on August 28, 2008 in Book 51626, Page 374. 

[Note 16] Master deed (not in the summary judgment record) dated February 14, 2012, recorded with the Registry on February 15, 2012 in Book 58497, Page 205. 

[Note 17] Exh. 1, Deed dated March 30, 2015, recorded with the Registry on April 1, 2015 in Book 65151, Page 492. 

[Note 18] Exh. 2, Deed dated December 2, 2019, recorded with the Registry on December 3, 2019 in Book 73756, Page 233. 

[Note 19] The plaintiffs improperly filed this action in their individual capacities and not in their capacities as trustees of the 42 Allen Street Condominium. In light of the court's decision finding against the plaintiffs, the plaintiffs will not be required to move to amend their complaint in this action to substitute the trustees of the condominium as plaintiffs prior to the entry of judgment. 

[Note 20] Exh. 21, Decision of the Somerville Zoning Board of Appeals, May 20, 2009. 

[Note 21] Exh. 13, Mortgage to ACT Lending, with attached Exh. A: Legal Description of 42 Allen Street, Somerville. 

[Note 22] Exh. 21. 

[Note 23] Id. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.