CASE 46—PETITION EQUITY—JULY 13.

# White's adm'r, &c., vs. Carrico's adm'r, &c.

APPEAL FROM HARDIN CIRCUIT COURT.

The estate of a ward remaining in the hands of an insolvent decedent as guardian, must be paid before a *pro rata* distribution is made among the general creditors of such decedent. (*Sec.* 33, *chap.* 37, *Rev. Stat.*) And in equity the creditors of the ward may be substituted to his rights, to the extent of their claims against the ward, where such claims are of a character for the guardian to pay, and for which, if paid by him, he would be entitled to credits in a settlement of his accounts with the ward.

C. D. SHEAN for appellants.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

Isaac Carrico died intestate, in the county of Hardin. At the time of his death he was the guardian of Elizabeth R. Colvin, now E. R. Shean.

After administration was granted upon the estate of Carrico, this action was brought for the settlement and distribution of his estate.

Amongst the claims presented in said suit against the estate were the claims of the four appellants against Carrico, *as guardian* of E. R. Colvin, for board, medical services, and other things, furnished to the ward by the direction of the guardian.

In behalf of appellants it was insisted that these were claims against Carrico's estate entitled to preference and priority of payment. The circuit judge was of a different opinion, and rejected them as preferred claims, and directed that they should be paid *pro rata* with the other debts against the estate.

Whether the judgment of the circuit court in reference to said claims was correct or not, is the only question raised upon this appeal.

Section 33, chapter 37, Revised Statutes, page 340, relates to the settlement and distribution of insolvent estates. By this section it is provided that the estate of a ward remaining in the hands of a decedent, together with certain other enumerated claims, shall be paid in full before any *pro rata* distribution shall be made.

It appears in this record that, at the time of Carrico's death, there was estate in his hands belonging to his said ward, E. R. Colvin, sufficient to pay these debts against her ; and that there are funds in the hands of Carrico's administrator sufficient to pay them.

To the extent of the estate of the ward remaining in the hands of the guardian at the time of his death, she certainly had a preference under the statute.

If these creditors held debts against the ward which it was proper, considering the nature of the debts, for what they were created, the estate of the ward, and her condition in life, and all other facts which could properly influence the decision of the question, for the guardian to pay, and for which, if paid by him, he would be entitled to credits in the settlement of his accounts with his ward, we can perceive no good reason why these creditors should not be allowed to present their claims in the settlement of the estate of the decedent, and be substituted,

to the extent of their claims, to the preference and priority which the ward has.

There is nothing in the record to show that these debts were not of the kind just indicated, and we feel bound to presume they were. Indeed, it is positively certain that one of them was; namely, the physician's bill.

The giving of such preference to these creditors does not operate unjustly, and works no hardship to any other creditor.

The ward being entitled to payment to the extent of her estate remaining in the hands of the guardian, before a *pro rata* distribution is made, the general creditors are excluded, *pro tanto*, from an equal distribution of the assets. So far as her creditors are substituted to her right of preference, the claim of the ward will be reduced; so that the result to the general creditors is precisely the same, whether the claim to priority is asserted through the ward or her creditors. Their dividends will neither be increased nor diminished by refusing, or allowing, to the creditors of the ward, a participation in the preference secured to her by the statute. If they get the funds to the extent of their claims, by reason of the preference, that far she will not get them; and if they do not get them, she will. And as all the parties are in court, we think in equity the chancellor should settle the rights of all the parties by allowing the creditors of the ward to be substituted to her rights as far as their debts may go, provided they be such debts as we have described above.

The judgment and order of the circuit court aforesaid are therefore reversed, and the cause remanded for further proceedings not inconsistent with the principles of this opinion.