HENRY RANDALL *vs.* JAMES McLAUGHLIN.

If the owner of two adjoining estates, through one of which a drain exists for the benefit of the other, conveys them both on the same day to different purchasers, the right to use the drain will not pass as an easement or appurtenance to the purchaser of the upper estate, provided a new drain can be built upon his own land by easonable labor and expense.

TORT to recover damages for refusing to permit the plaintiff to enter upon the defendant's land and examine and repair a drain leading from the plaintiff's land through the same, whereby the drain became obstructed and the water prevented from flow ng off, causing various injuries.

At the trial in the superior court, before *Allen*, C. J., it appeared that the plaintiff and defendant were owners of adjoining estates, with brick dwelling-houses thereon, situated in Billerica Street in Boston. These houses were both drained through a drain which was built wholly on one of the lots, passing under ne dwelling-horse built on that lot. These estates were formerly owned by the same person, who on the 30th of June 1856 conveyed, by deeds of warranty, the lower one to the defendant

and the upper one to another person from whom the plaintiff purchased the same. The plaintiff offered evidence tending to show that in December 1861 the refuse water did not flow off freely from his premises, as it had been wont to do, and he therefore went upon the defendant's premises and requested permission to examine the drain and repair the same if necessary; but the defendant refused to permit him to do so. Evidence was offered as to the cost of building a new drain on the plaintiff's premises.

The defendant asked the court to instruct the jury that the plaintiff, by the conveyance to him, was not entitled to the use of this drain, unless it was necessary to the beneficial use and enjoyment of his estate; that in order to determine this question the jury might consider whether a new drain could be built with reasonable labor and expense on the plaintiff's own land; and that, if such drain could be built on the plaintiff's own land with reasonable labor and expense, the plaintiff would not be entitled to the use of this drain.

The chief justice declined to instruct the jury as prayed for, but did instruct them that, if they were satisfied that the use of the drain was necessary to the plaintiff's beneficial enjoyment of his estate, he was entitled to the unrestricted enjoyment of the same; but if the use of said drain was not needed for the beneficial and full enjoyment of the plaintiff's estate, for the reason that no drain was needed, or that other means of drainage, then subsisting through the plaintiff's land to the common sewer over which the plaintiff had full control, were equally beneficial and sufficient for the purpose of draining the plaintiff's ꜱstate, then the plaintiff had no right to the use of said drain.

The jury returned a verdict for the plaintiff, with one dollar damages; and the defendant alleged exceptions. The plaintiff also alleged exceptions to other rulings of the chief justice, which became immaterial by the decision.

*J. W. Bacon,* for the defendant.

*J. F. Pickering,* for the plaintiff.

HOAR, J. The defendant's prayer for instructions qualified those which were given by the court in a material point. It

asked the court to inform the jury what would constitute the necessity for the beneficial enjoyment of the plaintiff's estate which would make an easement pass as appurtenant to it by implication, or as parcel of the grant, where it was not expressly named. That such a necessity does not exist in the view of the law, when an equally beneficial drain could be built on the plaintiff's land with reasonable labor and expense, has been settled in this commonwealth by the decisions in *Johnson* v. *Jordan*, 2 Met. 234; *Thayer* v. *Payne*, 2 Cush. 327; and *Carbrey* v. *Willis*, 7 Allen, 364. The last case has been very recently reported, and we presume was not brought to the notice of the learned chief justice of the superior court. But while it was in the hands of the reporter, the authority of *Pyer* v. *Carter*, 1 Hurlst. & Norm. 916, the leading English case on which the plaintiff relies, was wholly denied by the chancellor of England in the opinion given in *Suffield* v. *Brown*, 10 Jur. (N. S.) pt. I, 111, which contains an elaborate review of the whole doctrine, resulting in conclusions substantially like those to which we came in *Carbrey* v. *Willis*.

The defendant's exceptions must be sustained, and a new trial granted; and this will make the exceptions taken by the plaintiff immaterial. 　　　　　*Defendant's exceptions sustained.*