## Mary B. Dale *vs.* Susan Dreas Bedal.

Essex.    October 6, 1939. — January 30, 1940.

Present: Field, C.J., Lummus, Qua, Dolan, & Cox, JJ.

*Easement.*

There was no implied reservation by the owner of two adjoining lots of an easement to maintain and use a "septic tank" on one of the lots after its conveyance where it appeared that, although the tank was necessary to the enjoyment of the lot not conveyed, the grantor made no mention of it in the deed and the grantee did not know, and had no reason to know, of its existence.

Bill in equity, filed in the Superior Court on June 2, 1938.

A final decree was entered after a hearing by *Hurley*, J. The plaintiff appealed.

The case was submitted on briefs.

*F. X. Hurley*, for the plaintiff.

*J. M. Fogarty*, for the defendant.

Qua, J.    The plaintiff and the defendant are respectively the owners of the houses upon adjoining lots situated on "Goodwin's Court" in Marblehead.    This suit is now prosecuted solely to establish the plaintiff's "right by necessity" to maintain and use for the reception of sewage from her house an underground receptacle or "septic tank" located on the defendant's lot.

In 1928, Mary E. Brown, the mother of the plaintiff, owned both houses.    The tank and connecting pipes were then in existence.    In that year Mrs. Brown conveyed to the defendant the house and lot now owned by the latter. In the deed Mrs. Brown expressly reserved a right of way and a right to maintain awnings over the granted premises, but nothing was said about a "septic tank."    Since 1928, the plaintiff has inherited her house from Mrs. Brown. The plaintiff now contends that there was in the deed

from Mrs. Brown to the defendant an implied reservation of an easement for the continued use of the tank as necessary to the occupation of the house now belonging to the plaintiff.

Findings of the master show that, owing to the small size of the plaintiff's lot, its location upon a ledge, the rocky character of "Goodwin's Court," and the refusal of the town to build a sewer there, the plaintiff has no means of disposing of sewage except through the "septic tank." For the purposes of this decision only, we assume that the findings are adequate to establish that the tank is necessary to the enjoyment of the plaintiff's house.

There may be an easement of drainage by necessity, as there may be an easement of way by necessity. *Johnson* v. *Jordan*, 2 Met. 234, 240. *Carbrey* v. *Willis*, 7 Allen, 364, 368. See *Buss* v. *Dyer*, 125 Mass. 287, 291. But implied easements, whether by grant or by reservation, do not arise out of necessity alone. Their origin must be found in a presumed intention of the parties, to be gathered from the language of the instruments when read in the light of the circumstances attending their execution, the physical condition of the premises, and the knowledge which the parties had or with which they are chargeable. *Nichols* v. *Luce*, 24 Pick. 102. *Gorton-Pew Fisheries Co.* v. *Tolman*, 210 Mass. 402, 411. *Orpin* v. *Morrison*, 230 Mass. 529, 533. *Home Investment Co.* v. *Iovieno*, 243 Mass. 121, 124. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 104. And the rule that a deed is to be construed most strongly against the grantor may render it more difficult to imply an easement by reservation for the grantor's benefit than an easement by grant for the grantee's benefit. *Salisbury* v. *Andrews*, 19 Pick. 250, 253. *Johnson* v. *Jordan*, 2 Met. 234, 240. In this aspect of the case further findings of the master become material and decisive. When the defendant purchased her premises in 1928, neither the tank nor its accessory pipes were visible. The defendant had no way of knowing that sewage was coming from Mrs. Brown's remaining house onto the land which the defendant was buying, unless Mrs. Brown told her, and Mrs.

Brown did not tell her. The defendant had no knowledge that Mrs. Brown's house (now the plaintiff's) was draining into the defendant's premises until 1938, when the tank began to overflow and the sewage began to saturate the soil. Mrs. Brown, however, knew of the existence of the tank·and was "well aware of the services necessary for the enjoyment of her property."

These findings negative any implication of a reserved easement to continue the use of the tank. They show that the physical situation of the premises did not in itself give notice of the existence and use of the tank to a buyer in the position of the defendant. Implied terms cannot be imported into a conveyance because of the needs of one of the parties of which the other party has neither knowledge nor notice, or because of material facts relating to the condition of the premises known to one of the parties which the other party does not know, which he is under no obligation to know, and which he has no means of ascertaining. This is the underlying reason why the cases generally in some form of words include as a condition of the creation of an implied easement upon the conveyance of a portion of the grantor's property the requirement that an existing use be open and apparent as well as reasonably necessary. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 411. *Raynes* v. *Stevens,* 219 Mass. 556, 557. *Lucier* v. *Dube,* 280 Mass. 1, 9. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 104, 108. *Butterworth* v. *Crawford,* 46 N. Y. 349. *Treadwell* v. *Inslee,* 120 N. Y. 458, 465. *Biddison* v. *Aaron,* 102 Md. 156, 167–168. Compare *Wiesel* v. *Smira,* 49 R. I. 246, 251; *Van Sandt* v. *Royster,* 148 Kans. 495, 501. See collection of cases in 58 A. L. R. at page 832. In the instance of the ordinary way by necessity this condition is, of course, satisfied. In the case at bar it is not satisfied. We can think of no sound principle upon which the plaintiff can establish by implication a reserved easement growing out of a state of affairs of which the defendant did not and could not know. Such an implication would be in derogation of Mrs. Brown's grant, upon which the defendant had the right to rely.

No question has been raised as to the form of the final decree.*

*Decree affirmed with costs.*

---

* The final decree adjudged that the plaintiff had no right to maintain the tank or pipes; dismissed the bill; and directed the removal of the tank and pipes, for which relief the defendant had counterclaimed in her answer. — REPORTER.