THE HARVEY CORPORATION *vs.* BENJAMIN A. BLOOMFIELD & another.

Worcester. September 23, 1946. — November 1, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Easement. Way,* Private: creation. *Equity Jurisdiction,* Trespass. *Equity Pleading and Practice,* Decree.

That it would be convenient, although not strictly a necessity, for the grantee of a part of a large tract of land to have a right of way over a driveway on the part of the tract not included in the conveyance did not give rise to a right of way by implication where it did not appear that the driveway ever had been used by the grantor or his

predecessor in title for the benefit of the land conveyed or that it was intended for such use or that it was reasonably necessary for the enjoyment of the land conveyed.

Intention of a grantor of part of a tract of land to create a right of way over the remaining part, or oral representation by the grantor that one would exist, was ineffective to give rise to a right of way by implication where there was no proof of physical facts essential to give rise thereto.

A decree, enjoining a defendant from "using, causing or permitting to be used" land of the plaintiff adjoining the defendant's land, sufficiently protected the plaintiff without a further provision enjoining the defendant from causing or permitting gates or gate openings to be maintained in a fence separating the lands.

BILL IN EQUITY, filed in the Superior Court on May 15, 1944.

The suit was heard by *Donnelly*, J. A sketch of features of a plan in evidence material to this decision appears on page 328. The material portions of land conveyed by the plaintiff to the defendant Benjamin A. Bloomfield, as described in the opinion, are enclosed in the heavy lines.

*D. Goldstein*, for the defendants.

*G. H. Mason*, (*F. X. Reilly, Jr.*, with him,) for the plaintiff.

LUMMUS, J. This is a bill in equity to restrain the defendants, who are partners in the junk business, from using a driveway upon land of the plaintiff in Worcester. The facts appear in the report of a master which was confirmed. The defendants appeal from the decree confirming that report, from a decree denying their motion to recommit that report, and from a final decree granting the plaintiff relief.

The plaintiff in December, 1942, acquired from The American Steel and Wire Company of New Jersey a large tract of land with the industrial buildings thereon in Worcester, bounded easterly by the location of the Providence and Worcester division of the New York, New Haven and Hartford Railroad, northerly by Cambridge Street, and westerly in part by Kansas Street, which runs southerly from Cambridge Street until it meets the easterly end of Sherman Street. On the southerly side of Sherman Street, at its intersection with Kansas Street, and within the side lines of Kansas Street produced southerly across the intersection, is a gate which gives access southerly from Kansas

Street into a driveway thirty feet wide on the land of the plaintiff, which driveway runs in two courses in a generally southerly direction to the east of the plaintiff's "nail building" and farther south into the plaintiff's land.

The defendant Benjamin A. Bloomfield, on May 27, 1943, acquired from the plaintiff a part of the large tract before mentioned. The land acquired by that defendant and now occupied by both defendants lies to the east of Kansas Street and of the driveway just described, and to the north of the line of the southerly side of the "nail building," produced easterly. The deed from the plaintiff to the defendant Benjamin A. Bloomfield made no mention of the driveway or of any right of way over land retained by the plaintiff.

There is no right of way strictly by necessity, for access to the Bloomfield land can be had from Cambridge Street and from Kansas Street. *Buss* v. *Dyer,* 125 Mass. 287, 291. *Schmidt* v. *Quinn,* 136 Mass. 575. *Hart* v. *Deering,* 222 Mass. 407. *Davis* v. *Sikes,* 254 Mass. 540. There is no finding that during the ownership of the entire tract by the plaintiff or its predecessor in title the driveway was ever used for the benefit of the land now owned by the defendant Benjamin A. Bloomfield. It is true that in their junk business the defendants would find it convenient to enter the driveway with large trucks such as they use, and then turn to the east into the southerly part of the Bloomfield land. The reason is that just northerly of the intersection of Kansas Street and Sherman Street their office building nearly or quite blocks the passage of trucks from the northerly part to the southerly part of the Bloomfield land without going into Kansas Street, and leaves an entrance from Kansas Street easterly into the southerly part of the Bloomfield land only thirty-five or forty feet wide, and that entrance they have obstructed by piles of junk.

But convenience, without more, will not create an implied right of way. Unless the driveway at the time of the conveyance by the plaintiff to the defendant Benjamin A. Bloomfield was, in part at least, intended for the benefit of what is now the Bloomfield land, and actually and openly

used for the benefit of that land, and reasonably necessary for the enjoyment of that land, the fact that its use would be convenient for the defendants does not create an implied right of way appurtenant to the Bloomfield land. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402. *Raynes* v. *Stevens,* 219 Mass. 556. *Union National Bank* v. *Nesmith,* 238 Mass. 247, 248. *Bond* v. *Orr,* 266 Mass. 475. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 105, 108. *Oldfield* v. *Smith,* 304 Mass. 590, 593, 594. *Dale* v. *Bedal,* 305 Mass. 102. *Jasper* v. *Worcester Spinning & Finishing Co.* 318 Mass. 752, 756.

The master did not err in excluding oral evidence that one Lyon, the treasurer of the plaintiff, during the negotiations preceding the conveyance, told the defendant Benjamin A. Bloomfield that he did not need so much land as he desired for trucks to "swing around in the rear [south] of the office building," because Bloomfield will "have the use of the driveway and that will be all right for the trucks." As has been shown, the physical facts do not bring the case within the doctrine of implied grant, and the mere intention to create a right of way or oral representation that one would exist is ineffective without proof of the physical facts required. The other evidence offered by the defendants and excluded by the master was inconsequential.

The interlocutory decrees denying the defendants' motion to recommit and confirming the master's report, are affirmed. The final decree is modified by striking out the injunction "that the defendants refrain and desist permanently from causing or permitting gates or gate openings to be maintained in the fence separating the property of the plaintiff and of the defendant, Benjamin A. Bloomfield." We do not pass upon the question whether there is any obligation upon the defendant Benjamin A. Bloomfield to maintain that fence. The rights of the plaintiff are fully protected by the injunction against "using, causing or permitting to be used the driveway." The final decree is also modified by the insertion of a provision dismissing the counterclaim of the defendant Benjamin A. Bloomfield. As so modified the final decree is affirmed with costs.          *So ordered.*