HYMAN KRINSKY & others *vs.* MORRIS HOFFMAN.

Suffolk.    October 5, 1950. — January 8, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Easement.    Way,* Private: creation, extinguishment.    *Deed,* Construction. *Merger.    Real Property,* Merger.    *Estoppel.*

The union in one person of the ownership of two parcels of land whose common boundary was the center line of a passageway extinguished a right of way previously existing in favor of one of the parcels over the half of the passageway included in the other parcel.

A deed by the owner of a passageway and of the lands on both sides, conveying the land on one side and the adjacent half of the passageway to the center line thereof, together with an express right of way over the other half of the passageway retained by the grantor, but

silent as to any reservation by the grantor of a right of way over the
half of the passageway conveyed, might properly be found not to
have given rise to such a reservation by implication where it appeared
that use of the half of the passageway conveyed was "a convenience,
but not strictly or reasonably necessary for the enjoyment of" the
land retained by the grantor.

Upon a conveyance of land on one side of a passageway together with
the adjoining half of the passageway to its center line by a grantor
owning the entire passageway and the lands on both sides, a right of
way over the granted half of the passageway in favor of the land re-
tained by the grantor was not created by estoppel even though the
deed referred to a plan showing the passageway.

BILL IN EQUITY, filed in the Superior Court on Novem-
ber 19, 1948.

The suit was heard by *Hudson,* J.

*D. A. Foley,* for the plaintiffs.

*F. G. Lichtenstein & H. M. Lichtenstein,* for the defendant,
submitted a brief.

SPALDING, J.  The controversy here relates to rights in a
twelve foot passageway running between a parcel of land
owned by the plaintiffs and a parcel owned by the defend-
ant.  The plaintiffs claim an easement of way over that
part of the passageway owned by the defendant and bring
this bill to restrain the defendant from obstructing it.  A
decree was entered dismissing the bill, from which the
plaintiffs appealed.  The case comes here with a report of
the evidence and findings by the trial judge.

The facts, which include those found by the judge and
by us, are as follows: The properties involved are located
in Boston and are bounded on the north by the Boston and
Albany Railroad, on the east by Massachusetts Avenue, on
the south by Boylston Street, and on the west by Ipswich
Street.  In 1893 Franklin Dexter, then the owner of all the
property here involved, conveyed the easterly parcel (now
owned by the plaintiffs) to one Geiger.  In the deed Dexter
reserved as appurtenant to his remaining land "full rights
of way" in a six foot strip along the westerly boundary of
the granted premises.  The deed granted to Geiger a right
of way over the westerly six foot strip of the way owned by
the grantor.  In 1896 Franklin Dexter conveyed to Gordon

Dexter his remaining land adjoining the westerly side of the passageway, and the conveyance was expressly made subject to Geiger's right to use the way to the extent of its entire width. By mesne conveyances one Rice, in 1902, became the owner of the property on both sides of the passageway.

On April 20, 1945, the trustees under the will of Rice conveyed the property on both sides of the center line of the passageway to one Bigwood.[1] Reference was made in the deed to three recorded plans on which the passageway was shown.

On July 2, 1945, Bigwood, on behalf of the plaintiffs, conveyed the property on the westerly side of the passageway to the defendant. The easterly boundary was "by the middle line of a twelve foot passageway running at right angles with said Boylston Street" as shown on a certain recorded plan. The plan referred to shows a twelve foot passageway running between the grantor's land (plaintiffs' parcel) and the grantee's land (defendant's parcel) with the boundary line between the two lots running down the middle of the passageway. The deed contained the following: "including all passageway rights in, to and over the twelve foot passageway bounding the east side of the described premises and being shown on the plan above referred to." The conveyance was made "subject to all the rights, restrictions, stipulations and agreements . . . [in the deed from the trustees of Rice to Bigwood] so far as now in force and applicable." (It will be noted that this deed expressly granted to the defendant the right to use the easterly six foot strip retained by the grantor, but did not expressly reserve to the grantor any right of passage over the westerly six foot strip, the fee of which was granted to the defendant.) On July 9, 1945, Bigwood conveyed to the plaintiffs the parcel on the easterly side of the passageway, the west boundary of which was the center line of the passageway.

The property owned by the plaintiffs is a six story brick

---

[1] Bigwood was a straw for the plaintiffs but nothing turns on that fact.

building containing apartments, offices and a store. The store is on the corner of Boylston Street and Massachusetts Avenue and is occupied by a tenant engaged in the retail ice cream and confectionery business. There are three entrances to the store. One, the customers' entrance, is located at the corner of Boylston Street and Massachusetts Avenue. The others are service entrances. One of these is from the foyer through which one enters the apartments and the other is through a door in the basement leading from the twelve foot passageway. This basement entrance is about fifty feet from the street and leads to a boiler room, coal bins, and a cellar area from which there are stairs leading to the first floor. Deliveries are made to the store at all three of the entrances. In connection with the plaintiffs' property the passageway is also used for the "delivery of coal, furniture, maintenance of gas and electric service, and weekly removal of rubbish." The coal for heating the building is delivered through a coal hole on the sidewalk while that delivered at the basement entrance is used in connection with a hot water system. The judge found that "The passageway was used for this purpose prior to the transfer to the defendant, and the defendant had knowledge of such use prior to taking title."

The twelve foot passageway at its north end is joined by a twenty foot passageway which comes in from the west from Ipswich Street at a right angle. Trucks entering the twelve foot passageway are obliged to back out on leaving, as they cannot be turned around in the passageway.

Since acquiring his property the defendant constructed a door in the east wall of the building which bounds the passageway on the west. The doorway is protected by granite and concrete abutments which project into the passageway and have reduced its width at that point to nine feet eight inches.[1] Since some of the trucks entering the alleyway to make deliveries to the plaintiffs' building are nine feet in

---

[1] The judge in his findings stated that the width was reduced to "about" eight feet six inches, but that is not borne out by the evidence. According to the evidence the width was nine feet eight inches.

width, they can now be driven into it only with great difficulty. That a way could be substituted for these trucks only by an unreasonable expenditure of labor and money is not disputed. No contention has been made that the plaintiffs failed to assert their rights seasonably. In any event the evidence shows that they acted promptly.

The question for decision is whether the plaintiffs impliedly reserved to themselves a right of way over the westerly six feet of the passageway. The judge found that the "deed from Bigwood to the defendant . . . is clear in its meaning, and conveyed the ownership in fee to the center line of the twelve foot passageway . . . with a right of way over the balance of that passageway. The plaintiffs did not expressly reserve to themselves a right by easement or otherwise over the entire width of the passageway." He further found "that it is a convenience, but not strictly or reasonably necessary for the enjoyment of the . . . [plaintiffs'] premises, to use the six feet of the passageway owned by the defendant, and that an easement for use was not reserved by implication in the deed from Bigwood to the defendant."

The original easement in favor of the plaintiffs' parcel created by the deed of Franklin Dexter in 1893 was extinguished when the ownership of the property on both sides of the passageway was united in Rice in 1902. *Johnson* v. *Jordan,* 2 Met. 234, 239. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 105. *Oldfield* v. *Smith,* 304 Mass. 590, 593. *Goldstein* v. *Beal,* 317 Mass. 750, 754. If any easement came into existence it was only when there was a severance of the common ownership by Bigwood's deed to the defendant in 1945. It is familiar law that the owner of land may make use of one part of his land for the benefit of another part in such a way that upon a severance of the title an easement, which is not expressed in the deed, may arise that corresponds to the use which was previously made of the land while it was under common ownership. *Joyce* v. *Devaney,* 322 Mass. 544, 549, and cases cited. But the origin of implied easements, whether by grant or reser-

vation, arising upon a severance of the common ownership "must be found in a presumed intention of the parties, to be gathered from the language of the instruments when read in the light of the circumstances attending their execution, the physical condition of the premises, and the knowledge which the parties had or with which they are chargeable." *Dale* v. *Bedal*, 305 Mass. 102, 103. *Jasper* v. *Worcester Spinning & Finishing Co.* 318 Mass. 752, 756. The burden of establishing that the easement in question was impliedly reserved was on the plaintiffs. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 105. *Oldfield* v. *Smith*, 304 Mass. 590, 594.

We are of opinion that the decree below was not erroneous. In determining the presumed intent of the parties the judge could take into consideration the principle that a deed is to be construed most strongly against the grantor and that the law will imply an easement in favor of the grantee more readily than it will in favor of the grantor. *Johnson* v. *Jordan*, 2 Met. 234, 240. *Dale* v. *Bedal*, 305 Mass. 102, 103. *Wells* v. *Garbutt*, 132 N. Y. 430, 435. And he could have attached considerable weight to the fact that, while the deed expressly created an easement in favor of the grantee on the six foot strip owned by the grantor, it contained nothing about a similar right being reserved to the grantor over the grantee's strip. The subject of rights in the passageway was in the minds of the parties and the fact that nothing was inserted in the deed reserving to the plaintiffs rights similar to those granted to the defendant is significant. See *Johnson* v. *Jordan*, 2 Met. 234, 240–241; *Joyce* v. *Devaney*, 322 Mass. 544, 549.

Moreover, as already stated, the judge found that the use of the passageway "is a convenience, but not strictly or reasonably necessary for the enjoyment of the . . . [plaintiffs'] premises." In determining whether the parties intended to grant or reserve an easement not expressed in the deed the factor of necessity is important. Restatement: Property, § 476, comment g. Tiffany, Real Property (3d ed.) § 786. In the case of an implied grant of an ease-

ment it has been held that the easement must be reasonably necessary for the enjoyment of the land conveyed. *Harvey Corp.* v. *Bloomfield,* 320 Mass. 326, 329–330, and cases cited. There are intimations in some of our decisions that in the case of an implied reservation of an easement the easement must be shown to be strictly necessary. See *Carbrey* v. *Willis,* 7 Allen, 364, 369; *Adams* v. *Marshall,* 138 Mass. 228, 236; *Lucier* v. *Dube,* 280 Mass. 1, 9. But there is also authority to the effect that reasonable necessity is enough. *Oliver* v. *Pitman,* 98 Mass. 46, 50. See *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 105; *Supraner* v. *Citizens Savings Bank,* 303 Mass. 460, 464; *Jasper* v. *Worcester Spinning & Finishing Co.* 318 Mass. 752, 761. In § 476 of the Restatement of Property in comment j it is said that "The degree of necessity required to imply an easement in favor of the conveyor is greater than that required in the case of the conveyee." See Tiffany, Real Property (3d ed.) § 791. It is not necessary to decide here which of these rules is the correct one, for, on the findings of the judge, which were not plainly wrong, the plaintiffs have failed to satisfy either.

The plaintiffs, relying on *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4, 10, *Prentiss* v. *Gloucester,* 236 Mass. 36, and similar cases, argue that the reference in the defendant's deed to a plan which showed the passageway gave them a right of way by estoppel. See *Casella* v. *Sneierson,* 325 Mass. 85. But the plaintiffs here are seeking to establish a reservation of an easement by implication, and we know of no case and none has been brought to our attention where that principle has been applied to a reservation of an easement as distinct from a grant. Under the estoppel doctrine it has always been held that the estoppel runs against the grantor rather than against the grantee. See Tiffany, Real Property (3d ed.) §§ 799, 800.

*Decree affirmed with costs.*