ALICE HURLEY *vs.* VITO R. GUZZI & another.

Middlesex.    December 4, 1951. — January 10, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Easement.   Way*, Private: creation.

A conclusion that there was an easement by implication in favor of a lot of land to maintain the front portion of a garage on an adjoining lot and to use the adjoining lot for access to the garage by automobile from a street, so long as the garage should exist, was justified where it appeared that both lots had once been owned by the same person, who had erected and used the garage in connection with a house on the dominant lot and had used such access to the garage, that the location of the garage and such access thereto were reasonably necessary and apparent, and that the common owner had conveyed the dominant lot, and later the servient lot, to different grantees by deeds not mentioning any easement.

BILL IN EQUITY, filed in the Superior Court on November 10, 1949.

The suit was heard by *Morton*, J.

*S. DeBard*, for the plaintiff.

*S. J. Ginsburg*, (*B. Ginsburg* with him,) for the defendants.

WILKINS, J.    The plaintiff, as surviving tenant by the entirety of lot B on Warren Avenue, Newton, is prosecuting this bill in equity to obtain an order for the removal of a portion of a garage allegedly encroaching on her land, for

an injunction against using her land as a passageway, and for damages. The defendants, owners of lots A and C, have filed a counterclaim asking an injunction against interference with their use of a driveway on lot B. Lot A, at the corner of Waltham and Webster streets, abuts lots B and C on the east. Lot C, at the corner of Webster Street and Warren Avenue, abuts lot B on the south. The plaintiff appeals from a final decree adverse to her in most respects. The judge made a report of the material facts found by him. The evidence is not reported.

In 1912 Patrick F. Coady, husband of Mary H. Coady, owned as one parcel lots A, B, and C. For many years there have been a large house on lot A and a smaller one on lot B. About 1926 the Coadys erected a garage which is attached to the large house. The garage is situated principally on lot A, the front extending over onto lot B 3.06 feet at one end and 3.69 feet on the dividing line between lots B and C. It occupies forty-seven square feet of lot B, and its doors face Warren Avenue. No driveway was constructed, but the Coadys in using the garage ran their automobile to and from Warren Avenue over the grass on lot B. In 1942 Mary H. Coady, then a widow, conveyed lots A and C to the defendants. The conveyance was by metes and bounds of the land with the buildings thereon, there being no mention of any right of way. The defendants purchased with the intention of using the garage as it previously had been used. The judge said in his report that "although there is no evidence as to the intention of the grantor, I infer from the circumstances that it was her intention that the garage should be used by the grantees."

The defendants began to use the garage, and constructed a driveway wide enough for two automobiles. More than half the driveway is on lot B. In 1945 Mary H. Coady conveyed lot B, with the buildings thereon, to the plaintiff and her husband. Again there was no mention of a right of way. The plaintiff was familiar with the premises, and knew of the situation of the garage, the driveway, and the use by the defendants. The garage would be rendered useless for all

practical purposes by removing the portion on lot B and erecting doors on the side facing Webster Street on the south. The only practical entrance is by the driveway. The only place where the plaintiff can park automobiles is in that part of the driveway on lot B. This she can do without interfering with the defendants going to and from the garage. The defendants have also used the driveway for trucks which have been parked on lot A. The judge found that the defendants have a right of way for passenger automobiles to go to and come from the garage.

The final decree, so far as now material, provided the following: The defendants have a right to pass and repass over the driveway to and from the garage but for passenger automobiles only, and are enjoined from using the driveway for trucks. The plaintiff is to be allowed to park two automobiles on the driveway in such a way as not to interfere with the defendants' access to the garage.[1] The garage "encroaches" to the extent described in the findings, "but the plaintiff is denied any relief for such encroachment." The plaintiff is denied damages.

It is true, as contended by the plaintiff, that a conveyance by metes and bounds may fail to carry many things pertaining to the premises which would pass by a conveyance of a house or a building. *Carbrey* v. *Willis*, 7 Allen, 364, 369–370. *Adams* v. *Marshall*, 138 Mass. 228, 236. See *Ansin* v. *Taylor*, 262 Mass. 159, 162. Nevertheless, under a conveyance by metes and bounds there may be an easement by implication. *Carlton* v. *Blake*, 152 Mass. 176, 179. "It is familiar law that the owner of land may make use of one part of his land for the benefit of another part in such a way that upon a severance of the title an easement, which is not expressed in the deed, may arise which corresponds to the use which was previously made of the land while it was under common ownership." *Joyce* v. *Devaney*, 322 Mass. 544, 549, and authorities cited. An illustration of this principle is where, upon severance, a structure in

---

[1] *Highland Club of West Roxbury* v. *John Hancock Mutual Life Ins. Co.* 327 Mass. 711, 715.

reasonably apparent use is chiefly located on the grantee's land, and is intersected by the new boundary line, so that a portion of the structure occupies land retained by the grantor.   In such a case, if the whole structure is reasonably necessary to the use of the estate granted, the grantee acquires an easement upon the occupied portion of the grantor's land for as long as the structure continues to exist.   *Frizzell* v. *Murphy,* 19 App. D. C. 440.   *Bihss* v. *Sabolis,* 322 Ill. 350.   *John Hancock Mutual Life Ins. Co.* v. *Patterson,* 103 Ind. 582, 588.   *Carrigg* v. *Mechanics Bank,* 136 Iowa, 261. *Slear* v. *Jankiewicz,* 189 Md. 18.   *Smith* v. *Lockwood,* 100 Minn. 221.   *Grace Methodist Episcopal Church* v. *Dobbins,* 153 Pa. 294.   See cases collected in 26 L. R. A. (N. S.) 367. The implied easement arises not so much from necessity alone as from the presumed intention of the parties as shown by the language of their instruments when read in the light of the circumstances in which those instruments were made.   *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 410–411.   *Orpin* v. *Morrisson,* 230 Mass. 529, 533. *Dale* v. *Bedal,* 305 Mass. 102, 103.   In *Adams* v. *Marshall,* 138 Mass. 228, the "use of the whole barn was not necessary to the enjoyment of the premises granted" (page 234). Other cases relied upon by the plaintiff relate to structural encroachments on land which had never been the property of the present owner's grantor.

The same principle applies to the driveway.[1]   Restatement: Property, § 474.   Tiffany, Real Property (3d ed.) §§ 781, 782.   No more than a reasonable necessity for its enjoyment is required.   *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 104, 105.   *Supraner* v. *Citizens Savings Bank,* 303 Mass. 460, 464.   *Jasper* v. *Worcester Spinning & Finishing Co.* 318 Mass. 752, 756.   *Krinsky* v. *Hoffman,* 326 Mass. 683, 688–689.   Restatement: Property, § 476, comment j.

The judge's ultimate conclusion is not inconsistent with the other facts found by him.   He stated, "The only prac-

---

[1] The plaintiff has waived any question arising out of the construction of a hard surfaced driveway.

tical entrance to the garage is by way of the driveway, and I find there is a reasonable necessity for such use, and . . . it was at least a presumed intention of the parties that the garage and the driveway leading thereto should be used by the defendants, thus giving them a right of way over the driveway as now constructed."

The final decree is modified so as to limit the defendants' rights upon the plaintiff's property to the period of the existence of the garage. *Cotting* v. *Boston*, 201 Mass. 97, 101–102. *Union National Bank* v. *Nesmith*, 238 Mass. 247, 249. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 108. As so modified, the final decree is affirmed.

*So ordered.*