HENRY R. PERODEAU & another *vs.* DANIEL F. O'CONNOR & another.

Worcester. September 30, 1957. — December 11, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Easement. Way*, Private: creation.

Facts appearing in a suit in equity showed that the owner of two adjoining lots on the north side of a street, who lived on the front portion of the easterly lot and had erected a garage on the rear portion of the westerly lot and had used a strip eight feet wide, located seven feet on the westerly side and one foot on the easterly side of the common boundary of the two lots, for access to the garage by automobile from the street, intended, when he conveyed the westerly lot without mention of any easements and moved the garage to the rear of the easterly lot and he and his grantee improved the entire strip, to retain an easement over the seven foot portion of the strip for the benefit of the easterly lot and to create an easement over the one foot portion for the benefit of the westerly lot, and that the grantee of the westerly lot knew of and joined in such intent, and justified a conclusion that a subsequent owner of the easterly lot, as against a subsequent owner of the westerly lot, had an implied easement to use the seven foot portion of the strip in operating an automobile between the garage on the rear of the easterly lot and the street.

BILL IN EQUITY, filed in the Superior Court on August 15, 1955.

The suit was heard by *O'Brien*, J.

In this court the case was submitted on briefs.

*Bruno J. DiCicco,* for the defendants.

*Nicholas Fusaro & Nunziato Fusaro,* for the plaintiffs.

RONAN, J. This is an appeal from a final decree enjoining the defendants from preventing the plaintiffs from using a right of way, located partly on the defendants' land, in operating an automobile between Viking Terrace, a public way, and the plaintiffs' garage.

One Johnson in 1927 was the owner of two adjoining lots of land, each having a frontage of fifty feet on the northerly side of Viking Terrace, a public highway in the city of Worcester. Johnson had owned these lots since 1915. Johnson lived upon lot 27 and had erected a garage upon the rear part of lot 26. The easterly boundary of lot 26 and the westerly boundary of lot 27 comprised a common boundary. He sold lot 26 to one Fagerquist in October, 1927. The front part of this lot was then vacant. At the time of the conveyance tire marks made by Johnson's automobile between his garage and Viking Terrace were plainly visible. The westerly tire marks were seven feet westerly from the common boundary between lots 26 and 27 while the easterly marks were a foot easterly of this boundary. In 1927 Johnson and Fagerquist put on a cinder surface along the entire length of this eight foot strip and placed curbings along the easterly and westerly sides of this strip. The Johnson garage was moved to lot 27 in the rear of his residence but it was at no greater distance from Viking Terrace than when it was located on lot 26. Johnson continued to use the right of way. The change in the location of his garage merely resulted in a slight deviation to the east before reaching the original northerly terminus but did not require his driving over land which he had not always used. From the time they resurfaced the way and put in the curbings, and for nearly a quarter of a century and until 1951 while Johnson and Fagerquist occupied adjoining lots, they both assumed the burden of clearing snow from the way and keeping it in repair. Both enjoyed the use of the way without any interruption from anyone. Indeed, it did not appear

that either had any other access to the public way from their respective garages.

Fagerquist sold lot 26 to the defendants in 1951. Johnson in 1951 conveyed lot 27 to one Pereira who conveyed it to the plaintiffs in 1952. The plaintiffs used the way until 1955 when they were blocked by a barrier set up by the defendants. The judge found that the way was reasonably necessary for the use and enjoyment of the plaintiffs' premises and that no other entrance to their garage was available. He found that the plaintiffs have a way by implication extending seven feet in width westerly over the common boundary between lots 26 and 27.

The deed to Fagerquist from Johnson made no mention of the right of way in question. It was silent as to any reservation by Johnson over the land conveyed or the creation of any easement in the adjoining land for the benefit of the land retained. It was said in *Dale* v. *Bedal*, 305 Mass. 102, 103, "But implied easements, whether by grant or by reservation, do not arise out of necessity alone. Their origin must be found in a presumed intention of the parties, to be gathered from the language of the instruments when read in the light of the circumstances attending their execution, the physical condition of the premises, and the knowledge which the parties had or with which they are chargeable." And the rule that "a deed is to be construed most strongly against the grantor may render it more difficult to imply an easement by reservation for the grantor's benefit than an easement by grant for the grantee's benefit." See also *Johnson* v. *Jordan*, 2 Met. 234, 239–240; *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 105; *Jasper* v. *Worcester Spinning & Finishing Co.* 318 Mass. 752, 756; Restatement: Property, § 476, comments c and j; 17A Am. Jur., Easements, §§ 41, 45. The intention of the parties to the deed is the controlling factor for both implied reservations and implied grants. Necessity of the easement is merely one element to determine that intention and no more than reasonable necessity is now required by the law in this State. *Mt. Holyoke Realty Corp.* v.

*Holyoke Realty Corp.* 284 Mass. 100. *Harvey Corp.* v. *Bloomfield,* 320 Mass. 326. *Hurley* v. *Guzzi,* 328 Mass. 293. *Sorel* v. *Boisjolie,* 330 Mass. 513. See also *Carroll* v. *Hinchley,* 316 Mass. 724; *Jasper* v. *Worcester Spinning & Finishing Co.* 318 Mass. 752; *Joyce* v. *Devaney,* 322 Mass. 544.

Here the right of way was open and obvious at the time there was a severance of the lots on October 17, 1927, and was located over both sides of the common boundary for a reasonable width. The Johnson garage was moved from the land sold to Fagerquist within a month of the sale to the latter to a point on the land retained by Johnson by which it could be approached over the same area as before. The right of way was soon greatly improved. The moving of the garage and work on the driveway by the grantor and grantee at about the time of the conveyance or within a reasonable time thereafter presumably were based on arrangements made in connection with the conveyance. The facts just mentioned, together with the material facts reported by the judge, none of which is shown to be plainly wrong, show, in the opinion of the majority of the court, that Johnson intended to retain an easement in that part of the way extending for seven feet westerly from the common boundary and that the grantee knew and joined in such intent, and also that Johnson intended to create an easement in said strip one foot east of such boundary. *Hurley* v. *Guzzi,* 328 Mass. 293. *Sorel* v. *Boisjolie,* 330 Mass. 513. *Cummings* v. *Franco,* 335 Mass. 639, 643–644.

*Decree affirmed.*