ANNA MAY SWARTZ *vs.* BARBARA J. SINNOT & others. February 1, 1978. Any right of way in a northerly direction to (what is now) Moroney Road which might formerly have existed in favor of (what is now) the Sinnot parcel over (what is now) the Swartz parcel was extinguished when the ownership of both contiguous parcels was united in Knowlton in 1856; if any new right of way over the Swartz parcel ever came into existence, it could only have been when there was a severance of the common ownership by Knowlton's 1861 deed to Wood, the predecessor in title of the defendants Barbara J. Sinnot and Richard T. Herbst, who purchased the Sinnot parcel in 1968. *Goldstein* v. *Beal,* 317 Mass. 750, 754 (1945). *Krinsky* v. *Hoffman,* 326 Mass. 683, 687 (1951). It is not contended (or even suggested) that that deed contained any express grant of a right of way over the Swartz parcel; there is nothing in the deed of the Swartz parcel which was executed by Knowlton's heirs following his death in 1886 which refers to any such right of way. It is true that the 1861 deed to Wood contained the words "with all the privileges and appurtenances," but on the master's subsidiary findings the intended meaning of those words is matter of conjecture only. See *Gayetty* v. *Bethune,* 14 Mass. 49, 54 (1817); *Oldfield* v. *Smith,* 304 Mass. 590, 594 (1939). There is nothing in those subsidiary findings to indicate that the cart road or any of the trails or pathways now found on the Swartz parcel was in existence in 1861; to the contrary, the record contains a distinct suggestion that those features may have been wrought by the plaintiff's husband during the course of the lumbering operations he conducted following the plaintiff's purchase in 1931. Similarly, there is nothing to indicate when the gaps were created in the stone wall between the Swartz and Sinnot parcels. Contrast *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 408-409, 411-412 (1912); *Bond* v. *Orr,* 266 Mass. 475, 478-479, 480 (1929); *Joyce* v. *Devaney,* 322 Mass. 544, 549 (1948); *Krinsky* v. *Hoffman,* 326 Mass. at 686-687; *Sorel* v. *Boisjolie,* 330 Mass. 513, 516 (1953); *Cummings* v. *Franco,* 335 Mass. 639, 642-644 (1957); *Perodeau* v. *O'Connor,* 336 Mass. 472, 475 (1957). In addition to the Sinnot parcel, the 1861 deed to Wood also conveyed other contiguous land of Knowlton which lay southerly of the Sinnot parcel and extended all the way to Farnumsville Road, a public way. It could hardly have been within the contemplation of Knowlton and Wood at the time of that deed that the Sinnot parcel would be deprived of its access to Farnumsville Road by the location of a railroad in 1888 (but see *New York & New England R.R.* v. *Railroad Commrs.,* 162 Mass. 81, 83-84 [1894]) or by the severance of the Sinnot parcel from the land lying between it and that road which was effected by one of Wood's successors in title in 1904. A right of way to Moroney Road over the Swartz parcel might have been convenient in 1861, but there is not enough in the subsidiary findings of the master to warrant an inference that such a right of way was necessary or reasonably necessary to the full enjoyment of the Sinnot

parcel or any of the other land which Knowlton conveyed to Wood. See *Nichols* v. *Luce*, 24 Pick 102, 104-105 (1834); *Brigham* v. *Smith* 4 Gray 297, 298 (1855); *Pettingill* v. *Porter*, 8 Allen 1, 6-7 (1864); *Oliver* v. *Pitman*, 98 Mass. 46, 50 (1867); *Schmidt* v. *Quinn*, 136 Mass. 575, 576 (1884); *Uliasz* v. *Gillette*, 357 Mass. 96, 102 (1970). And see *Orpin* v. *Morrison*, 230 Mass. 529, 533-534 (1918). The master's ultimate finding (which was adopted by the judge over the plaintiff's express objection) that the defendants "have a right of way by necessity to Moroney Road" was erroneous as matter of law and is now rejected. See *Jones* v. *Wayland*, 4 Mass. App. Ct. 725, 729-730, 734 (1976), *S.C.*, 374 Mass. 249, 254–255 (1978). The judgment is reversed, and a new judgment is to be entered which enjoins the defendants from trespassing on the land of the plaintiff which is described in the deed which is recorded in the Worcester District registry of deeds in book 2540, page 206.

*So ordered.*

*C. A. Peairs* (*Adele E. Moroney* with him) for the plaintiff.
*Richard M. Welsh* for the defendants.