Fecteau, J.
This is an action that seeks declaratory relief in connection with a reservation of rights that originated in a deed from 1867.[1] The parties agree that an actual case or controversy exists over the interpretation of a right vested in the plaintiff to “occupy” a portion of the land of the defendants, as the plaintiff contends that the right includes the parking of vehicles. The defendants contend otherwise.
This matter came on for trial before me, sitting without jury, on March 26, 2004. The parties submitted upon an agreed statement of facts and attachments thereto, along with 5 photographs of the locus in controversy, all of which were received as evidence. After arguments, the matter was then taken under advisement. Upon consideration of the evidence, the following facts are found.
FINDINGS OF FACT
1.The plaintiff Christopher J. Donohue is the current owner of land with building thereon, located on Main Street, Warren, Massachusetts, and which is more particularly described in a deed recorded in the Worcester District Registry of Deeds, in Book 17137, at page 81. It is a mixed-use, commercial and residential building. The footprint of the building appears to consume almost all of the available land of the parcel with the exception of a small strip of land[2] at the rear (north) of the building. While the building has frontage on Main Street, there is no apparent vehicular access, within the boundaries of the plaintiffs land, to the rear of his building and, by extension, to the larger area of land owned by the defendants that lies directly north of the plaintiffs land.
2. The defendants are the current owners of land, with building thereon, immediately abutting, and to the west and north of the land of the plaintiff on Main Street, and which is more particularly described in a deed recorded in the Worcester District Registry of Deeds in Book 22401, at page 266. Like that owned by the plaintiff, this land contains a mixed-use building, with a convenience store on the first floor and apartments above.
3. In 1867, these two parcels of land were once a single parcel, owned by one Joseph Hitchcock. He was the last single owner of all of the land now owned by the parties, as it was he who divided his property into the two parcels in question. In that year, he sold a portion of his land, that now owned by the defendants, to one Orcult. In his deed to Orcult, recorded in the Worcester District Registry of Deeds in Book 741, at page 318, he reserved for the benefit of the land he retained, now owned by the plaintiff, a “right of way to pass and repass with teams or otherwise at any and all times as may be necessary or convenient from the road aforesaid [Main Street], between the dwelling house and Westerly line and around the Northerly end of said dwelling house on the premises herein conveyed to said Hitchcock’s land in the rear of his store building . . .”[3]
4. A second reservation of rights in the Hitchcock to Orcult deed “also reserv[ed] to said Hitchcock, his heirs and assigns the right to occupy the piece of land on the Easterly side of said dwelling house and fence with stairway, platform and passageway as may be convenient for the purpose of access to the second story of said Hitchcock’s store building.”[4]
5. As presently exists, there is no structure, platform or passageway that is affixed or appurtenant to the plaintiffs building that occupies any portion of the defendants’ land. Although the parties agree that the footprints of the two buildings have not changed in excess of twenty years, the evidence does not reveal whether there was ever such a structure that provided access to the second story of the building now owned by the plaintiff that occupied the land of the defendants and their predecessors in title and, if so, what kind of structure it was or how and to what extent it occupied the land now owned by the defendants.
6. Both reservations of rights in the Hitchcock to Orcult deed have been carried verbatim in the defendants’ chain of title and appear in the deed to the defendants.
7. A controversy has arisen between the parties as to the interpretation of the reservation of a right to occupy land of the defendants, in favor of the plaintiff; he believes that this easement includes the right to allow his residential tenants (and, inferentially, other invitees) to park their vehicles in the portion of the defendants’ land that lies directly east of the building *599 on the defendants’ land which is north of the land and building of the plaintiff and as against the ownership rights of the defendants except as may be subject to the easement.
DISCUSSION
This case involves the interpretation of an express easement, the plaintiff claiming that it includes a right to occupy the land of the defendants’ servient estate by the parking of vehicles. “The basic principle governing the interpretation of deeds is that their meaning, derived from the presumed intent of the grantor, is to be ascertained from the words used in the written instrument, construed when necessary in the light of the attendant circumstances.” Sheftel v. Lebel, 44 Mass.App.Ct. 175, 179 (1998). “A party seeking to assert an easement over a particular piece of land bears the burden of proving the nature and extent of any such easement.” Foley v. McGonicle, 3 Mass.App.Ct. 746 (1975). Since “created by a conveyance, the extent of the right reserved or easement is fixed by the conveyance and the language used is the primary source for ascertainment of the meaning of the right reserved or easement created.” Sheftel supra. A “servient owner retains the use of his land for all purposes except such as are inconsistent with the right granted to the dominant owner [internal citation omitted); doubts about the nature, scope or extent of such rights should be decided in favor of freedom of land from servitudes. Butler v. Haley Greystone Corporation, 352 Mass. 252, 258 (1967). Moreover, ’’the rule that a deed is to be construed most strongly against the grantor may render it more difficult to imply an easement by reservation for the grantor’s benefit than an easement by grant for the grantee’s benefit." Harrington v. Lamarque, 42 Mass.App.Ct. 371, 376 (1997), quoting from Dale v. Bedal, 305 Mass. 102, 105 (1940).
The easement in question was created by the grantor, Hitchcock, reserving it for his own benefit and those of his assigns, which include the plaintiff. The plaintiff claims that the words “right to occupy” should be interpreted broadly, and that the further description of use “with stairway, platform and passageway as may be convenient for the purpose of access to the second stoiy of said Hitchcock’s store building” should be construed as words of addition and not limitation. The defendants contend otherwise, claiming that the grantor’s choice of words, together with ordinaiy rules of construction, require the easement to be limited to the right to occupy the servient estate only with “stairway, platform and passageway” so as to allow access to the second story of the former Hitchcock store building but not so as to allow the parking of vehicles.
In order to interpret the meaning of this reservation and to determine the intent of the grantor, it is reasonable to read the second reservation (“right to occupy . . .”) in conjunction with the right that precedes it in the deed — the right to pass and repass around the western and northern sides of the deeded property opposite from the “Hitchcock store building,” now owned by the plaintiff, especially given its location in the deed and its proximity to the first reservation, separated by a semi-colon; moreover, a reasonable inference is drawn that the second reservation of rights (to occupy), together with the first (to pass and repass), was to secure access to the rear of the retained property and to the second floor of the store, likely for delivery and storage of goods. The right “to occupy” the land to the east of the deeded building and to the north of the grantor’s own building “with stairway, platform and passageway as may be convenient for the purpose of access to the second story of said Hitchcock’s store building,” implies a need to either maintain an already existing access to the second floor of his building that may have encroached on the land deeded to his grantee, or Hitchcock was reserving a right to build or improve upon such an access.[5] Hitchcock did not expressly reserve the right to park or store vehicles which, in 1867, could not have included self-propelled vehicles and which could only to have been animal-drawn conveyances; moreover, such an intent to reserve this land for such use cannot be reasonably inferred. The cases relied upon by the plaintiff are inapposite.[6] If such an expansive use of the servient estate was the grantor’s intent, he could more clearly have expressed it in the reservation of rights, such as by use of words that expressed or implied that the “right to occupy” included occupation with a stairway and/or platform. Instead, the express use of the words “to occupy with stairway, platform and passageway . . .” serve to exclude, by implication, other forms of occupation.
Moreover, if Hitchcock had intended more control over the servient estate, such as for the parking of vehicles at his convenience, there is no apparent reason why he, as grantor, did not retain ownership of more of the land to the rear of his store than the small strip he retained. To allow the plaintiff, and presumably his tenants or other invitees, to “occupy” the defendants’ land with parked vehicles is to burden the servient estate more excessively than was originally intended. Such a use is tantamount to an exercise of almost complete control over the defendants’ land and the virtual exclusion from the use of the land by the deeded owner. Consequently, the plaintiff is not entitled to a declaration that his right to “occupy” includes a right to park cars on the servient land of the defendants. Conversely, the defendants are entitled to a judgment that declares that the easement to which their land is subject, in favor of the plaintiffs land, that allows the occupation of the defendants’ land does not include the parking of vehicles.
ORDER FOR JUDGMENT
Therefore, for the foregoing reasons, a judgment shall enter, in favor of the defendants/plain tiffs-in-counterclaim Gary Bateman and Linda Bateman, that *600 declares that the reservation of right in favor of the plaintiff that appears in the deed to the defendants, recorded in the Worcester District Registry of Deeds in Book 22401, at page 266, “to occupy the piece of land on the Easterly side of said dwelling house and fence with stairway, platform and passageway as may be convenient for the purpose of access to the second story of said Hitchcock’s store building” does not include the right to park vehicles.

As originally filed, the defendant was Leona A. Wrobel; since the date of filing, the property has been conveyed to the current defendants and the complaint amended.

This small area of land owned by the plaintiff at the rear of his building appears to be no more than 15 feet deep. (See ex. 1: plan marked “D" attached to the agreed statement of facts.)

The case as originally pled alleged an unlawful encroachment by the defendant upon the deeded right of way, in favor of the plaintiff, to “pass and repass,” but the parties have refined the scope of the controversy solely to their respective rights and responsibilities in connection with the deeded “right to occupy” at issue, and discussed in paragraph 4. The defendants’ answer to the plaintiffs amended complaint alleged a counterclaim in two counts. The first count appears to be in regards to the original encroachment issue that involved the “first” reservation of rights, “to pass and repass,” raising an issue of adverse possession. As the parties have stipulated that the footprints of the structures on their respective lands have not changed for a period in excess of twenty years, and this issue was not made a part of the controversy to be resolved at trial, nor briefed by the parties, it appears to have been resolved. It is not discussed herein and is deemed waived.

The parties have submitted a plan to the parcels in question, attached to the agreed statement of facts, with the portion of the defendants’ land arguably in controversy over this “right to occupy” shaded in yellow.

According to the photographs admitted into evidence, the statement of agreed facts and the plan attached thereto, there does not appear to be any exterior stairway or access to the second story of the plaintiffs building at the present time that occupies any land of the defendants. As neither party addressed the issue of the abandonment of the easement, this issue is not discussed herein and is deemed waived.

Neither party has provided, nor has the court been able to locate any prior decision in which the issue of parking and the language reserving the easement is similar to that at bar. The right to park a vehicle within an easement that allows a right to pass and repass is essentially fact-driven, as can be seen in the case of Harrington v. Lamarque, 42 Mass.App.Ct. 371, 376 (1997).